UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

DOREEN BENSON,                          :
                                        :
                    Plaintiff,          :
                                        :    04 Civ. 7323 (DLC) (JCF)
        v.                              :
                                        :
LEHMAN BROTHERS INC.,                   :    **NOTICE OF MOTION**
                                        :
                    Defendant.          :
                                        :
———————————————————— x

PLEASE TAKE NOTICE that upon the annexed Declaration of Steven M.

Knecht, dated January 27, 2005, and the exhibits annexed thereto, the accompanying

Memorandum of Law in Support of Defendant Lehman Brothers Inc.'s Motion to Compel

Arbitration, and all of the prior pleadings and proceedings in this action, defendant Lehman

Brothers Inc., by its undersigned counsel, shall move this Court, before the Honorable Denise L.

Cote, United States District Judge, at the Daniel Patrick Moynihan United States Courthouse,

500 Pearl Street, New York, New York at 9:30 a.m. on March 11, 2005, or as soon thereafter as

counsel may be heard, for an order (i) granting defendant's motion to compel arbitration of

plaintiff's claims; (ii) dismissing or, in the alternative, staying this action pending such

arbitration; and (iii) granting such other relief as the Court may deem just and proper.

Dated: New York, New York
       January 27, 2005

                                KRAMER LEVIN NAFTALIS & FRANKEL LLP

                                By: / s /
                                    _____
                                    Kevin B. Leblang (KL 3186)
                                    Steven M. Knecht (SK 8404)
                                919 Third Avenue
                                New York, New York  10022
                                (212) 715-9100
                                Attorneys for Defendant Lehman Brothers Inc.

To:    Lewis D. Thompson, Esq.
P.O. Box 403
Summit, New Jersey 07902-0403
(908) 273-0992

Attorney for Plaintiff Doreen Benson

KL3:2392477.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————————— x

DOREEN BENSON,                              :
                                           :
                        Plaintiff,         :
                                           :
                                           :   04 Civ. 7323 (DLC) (JCF)
            v.                             :
                                           :
LEHMAN BROTHERS INC.,                      :   **DECLARATION OF**
                                           :   **STEVEN M. KNECHT**
                        Defendant.         :
                                           :
                                           :
——————————————————————————— x

I, Steven M. Knecht, hereby declare:

1.      I am an attorney duly admitted to practice law before this Court and the

courts of the State of New York. I am associated with the law firm of Kramer Levin Naftalis &

Frankel LLP, whose offices are located at 919 Third Avenue, New York, New York 10022. We

represent defendant Lehman Brothers Inc. in this action. I submit this declaration in support of

Defendant Lehman Brothers Inc's motion to compel arbitration and to dismiss or, in the

alternative, stay this action, in order to place before the Court certain documents relevant to this

motion.

2.      Attached hereto as Exhibit A is a true and correct copy of the Complaint

filed by plaintiff in this action, dated September 14, 2004.

3.      Attached hereto as Exhibit B is a copy[1] of Lehman Brothers Inc.'s

Application for Employment executed by plaintiff on or about October 24, 1997.

---

[1]      Defendant has redacted from Exhibits B-F, where applicable, plaintiff's social security
number, her CRD number, and her date of birth. Other than these redactions, the exhibits are
true and correct copies.

4.      Attached hereto as Exhibit C is a copy of plaintiff's Uniform Application for Securities Industry Registration or Transfer ("Form U-4"), dated November 20, 1997.

5.      Attached hereto as Exhibit D is a copy of an amendment to plaintiff's Form U-4, dated October 28, 1999.

6.      Attached hereto as Exhibit E is a copy of a letter from me to Lewis D. Thompson, Esq., counsel to plaintiff, dated October 19, 2004.

7.      Attached hereto as Exhibit F is a copy of a letter from me to Mr. Thompson, dated January 10, 2005.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Executed on January 27, 2005

_____/s/_____

Steven M. Knecht

-2-

IN THE UNITED STATES DISTRICT COURT
SOTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DOREEN BENSON, | ) | **COMPLAINT & JURY DEMAND** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LEHMAN BROTHERS INC., | ) | Civil No.:  04-CV-7323 |
| | ) | |
| Defendant. | ) | |

Plaintiff, Doreen Benson, by and through the undersigned counsel, and for cause of action against Defendant alleges as follows:

## JURISDICTION AND VENUE

1.    This court's jurisdiction is hereby invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-5(f)) (hereinafter, "Title VII") for claims arising from actions in violation of Title VII and by virtue of the court's pendant jurisdiction over the other related claims asserted herein.  The court's jurisdiction is also hereby separately invoked pursuant to the provisions of 28 U.S.C. § 1332 because there is an amount in controversy in excess of $75,000 and there is complete diversity of citizenship between the two parties.

2.    The actions alleged herein took place in New York County, State of New York, and venue is, accordingly, appropriate in this court.

## PARTIES

3.    DOREEN BENSON (hereinafter, the "Plaintiff") is a resident of Palm Beach County, State of Florida, and is a "member of a protected class", as those words are defined under Title VII.

4.    LEHMAN BROTHERS INC. (hereinafter, the "Defendant") is a Delaware

1

corporation, presently having its principal place of business at 745 Seventh Avenue, New York, New York 10019, and is duly authorized to conduct business in the State of New York and is a "person" as that term is defined under Title VII.

## BACKGROUND FACTS

5.    On or about November 22, 1997, Defendant hired Plaintiff as an Account Executive (hereinafter, "AE") at its New York headquarters, which were then located in the World Financial Center in lower Manhattan.    .

6.    Plaintiff was an "employee", within the meaning of Title VII, of Defendant.

7.    On July 3, 2002, Defendant involuntarily discharged Plaintiff from employment with Defendant.

8.    Plaintiff's responsibilities as an AE were those commonly associated with the role of a "stockbroker"; soliciting, closing and administering securities sales business from prospects and clients.

9.    Plaintiff was one of very few female AE's at Lehman Brothers.  Less than 10 of the approximately 400 brokers were women.

10.    The virtual non-representation of women in Lehman's brokerage group was indicative of a pervasive hostility to women in that workplace.

11.    Plaintiff was one of the top performing AE's at Lehman, ranking in the top 15% of all AE's who were working at the Defendant.

12.    Plaintiff was never given the rewards and perks that lowering performing male AE's were granted.

13.    While many of the male AE's were assigned brokerage accounts by the investment banking group and brokerage management, not once did Defendant's management give the Plaintiff an existing account, despite her repeated requests to management for such "referrals".

2

14.    On many occasions, the Plaintiff applied for a share of what were known as "syndicate offerings" so she could sell them to her clients. These were very desirable shares of new stock offerings of which Lehman was one of the underwriting securities firms. Not once was the Plaintiff given a share of these syndicate offerings – thus negatively impacting her income.

15.    However, such "syndicate offerings" were routinely granted to male AE's with substantially lower production results than the Plaintiff.

16.    Also, management was always much stricter with the Plaintiff than with the male brokers on compliance issues. There were several such incidents.

17.    While management was always pushing the male AE's to earn more in commissions, Plaintiff repeatedly heard comments to the effect that she was "making too much money."

18.    On or about March 11, 2001 there was a meeting between the Plaintiff's partner, Dr. Walter Gerasimowicz ("Gerasimowicz") and several members of Defendant's management team, including Mark Stevenson ("Stevenson") and Paul Edwards ("Edwards") who was Stevenson's supervisor. At the meeting both Stevenson and Edwards complained that the Defendant was making more money than Gerasimowicz and recommended that the Defendant transfer some of her accounts to him.

19.    The Defendant did transfer some of her accounts to her partner so that Gerasimowicz would not be fired. This resulted in the Plaintiff earning less money than she would have otherwise.

20.    In 2001, the Plaintiff was involved in a serious automobile accident while she was in Florida. She suffered significant head and back injuries, causing her to be temporarily, partially disabled, and was told by her attending physician not to travel by air for some time. Therefore, she transacted business from her house in Florida for several months.

21.    The Defendant later stated that the Plaintiff had no authorization to stay in Florida while she was injured and used this as partial justification for her termination.

22.     The Plaintiff did her best to keep management apprized of her travels and whereabouts, but, when, in 2002, the Defendant was seeking to find justification for terminating her, management complained that she had not obtained pre-authorization for some of her travels. In fact, the male AE's traveled constantly without obtaining pre-authorization.

23.     Defendant's management consistently made unjustified criticisms and other defamatory statements about the Plaintiff in front of other AE's as well as the administrative staff.

24.     After the Plaintiff was terminated, certain members of the Defendant's management made false and defamatory statements to at least two prospective future employers of the Plaintiff, causing her to not be offered those jobs.

25.     Management consistently assigned to Plaintiff inexperienced or substandard trading assistants (while assigning the better ones to the male AE's), which made doing her job much more difficult. Management would also transfer away one of her trading assistants without even notifying her. This was typical of the disrespect that management showed her.

26.     Management assigned to the Plaintiff, against her requests and wishes, a trading assistant who was not competent, a Mr. Jeff Chalson ("Chalson"). While making out trade tickets, Chalson made numerous disasterous and costly documentation errors to the extent of $75,000. Stevenson insisted that the Plaintiff pay for these errors.

27.     This is in contrast to the experience of a male AE in the group who made trading errors in the vicinity of $1,000,000. However, management did not make Mr. Gasparo repay Lehman Brothers for the error, nor did management report the error to the Compliance Dept. within Lehman Brothers as they should have done.

28.     On March 28, 2002, the Plaintiff sent a letter to Thomas Russo the Vice Chairman of the Defendant informing him of the discriminatory treatment that had consistently been accorded her by Defendant's management. Management never replied to this letter nor addressed any of her

4

concerns. Shortly thereafter, Defendant's management began an all out campaign of retaliation with the goal to discharge her.

29. The Plaintiff has previously sent a similar letter to Nancy Coleman in Defendant's Human Resources Dept. but not action was taken.

30. On May 30, 2002, Jeff Boyle, Head of Human Resources at the Defendant, held a meeting with the Plaintiff to discuss alleged problems with her business travel not being "pre-approved" and said that this was a "final warning". Plaintiff responded that how could this be a "final warning" when there had been no "initial warning"?

31. This "final warning" was clearly pretextual as a justification to discharge the Plaintiff who had refused to accept invidious treatment and had made formal complaints.

32. Only a few days later, on July 3, 2002, the Defendant terminated the Plaintiff's employment.

33. The Defendant even admits that its decision to terminate the Plaintiff had nothing to do with her production results and that they were "good". In fact, the Plaintiff had previously been told by Stevenson that her numbers were "excellent".

34. It is clear that the Defendant was terminated because she complained about being treated unfairly because of her sex and that her termination was purely done in retaliation against her.

35. The Plaintiff has requested and received from the U.S. Equal Opportunity Employment Commission ("EEOC") a "Notice of Right to Sue".

### FIRST CAUSE OF ACTION

### (TITLE VII – DISPARATE TREATMENT)

36. Plaintiff realleges and incorporates by reference Paragraphs 1 through 35 herein.

37. Defendant treated the Plaintiff invidiously and showed consistent preferential treatment towards the male AE's in her division – even those with dramatically weaker production

5

records.

38.     This disparate treatment caused the Plaintiff to suffer significant loss of income, as well as significant personal embarrassment, over her almost five years tenure at the Defendant.

39.     The actions of the Defendant and certain of its managers were taken against the Plaintiff because of her sex, in violation of Title VII and also in violation of the laws of the State of New York and of the City of New York.

40.     Under the legal doctrine of *respondeat superior*, Defendant is liable for the tortuous actions of its managers.

41.     The actions of the Defendant and certain of its managers caused the wrongful termination of the Defendant, resulting in her suffering lost income and benefits.

42.     The actions of the Defendant and certain of its managers were taken in the face of a perceived risk that those actions violated both federal and New York State laws.

43.     The actions of the Defendant and those of its mangers have caused the Plaintiff to suffer out-of-pocket expenses, emotional distress, pain, humiliation, embarrassment, anxiety, depression and ridicule all to her general damage.

44.     The actions of the Defendant and those of its managers have prevented the Plaintiff from obtaining at least two subsequent AE positions with other securities firms since her discharge from employment with the Defendant.

45.     The Defendant's actions and those of its managers were willful and malicious and/or recklessly disregarded the rights of the Plaintiff.

46.     As a result of Defendant's actions, the Plaintiff is entitled to an award of punitive damages in addition to her other damages.

## SECOND CAUSE OF ACTION

## (TITLE VII – HOSTILE WORK ENVIRONMENT)

47.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 46 and the First Cause of Action herein.

48.     Defendant treated the Plaintiff invidiously and showed consistent preferential treatment towards the male AE's in her division – even those with dramatically weaker production records.

49.     Plaintiff was excluded from many work functions where the male AE's were invited.

50.     Certain managers of the Defendant showed far less respect towards the Plaintiff, front of the administrative staff, than they did for the male AE's. This was both humiliating for the Plaintiff as well as making it harder to obtain appropriate levels of cooperation from the administrative staff.

51.     This disparate treatment caused the Plaintiff to suffer significant loss of income, as well as significant personal embarrassment, over her almost five years tenure at the Defendant.

52.     The actions of the Defendant and certain of its managers were taken against the Plaintiff because of her sex, in violation of Title VII and also in violation of the laws of the State of New York and of the City of New York.

53.     Under the legal doctrine of *respondeat superior*, Defendant is liable for the tortuous actions of its managers.

54.     The actions of the Defendant and certain of its managers caused the wrongful termination of the Defendant, resulting in her suffering lost income and benefits.

55.     The actions of the Defendant and certain of its managers were taken in the face of a perceived risk that those actions violated both federal and New York State laws.

56.     The actions of the Defendant and those of its mangers have caused the Plaintiff to

7

suffer out-of-pocket expenses, emotional distress, pain, humiliation, embarrassment, anxiety, depression and ridicule all to her general damage.

57.    The actions of the Defendant and those of its managers have prevented the Plaintiff from obtaining at least two subsequent AE positions with other securities firms since her discharge from employment with the Defendant.

58.    The Defendant's actions and those of its managers were willful and malicious and/or recklessly disregarded the rights of the Plaintiff.

59.    As a result of Defendant's actions, the Plaintiff is entitled to an award of punitive damages in addition to her other damages.

### THIRD CAUSE OF ACTION

### (TITLE VII - RETALIATION)

60.    Plaintiff realleges Paragraphs 1 through 59 and the First and Second Causes of Action and incorporates the same by reference herein.

61.    In violation of Title VII and the laws of the State of New York and the City of New York, certain managers of the Defendant retaliated against the Plaintiff for her having formally notified and complained to senior managers of the Defendant about the invidious treatment she had received for over four years as a female AE.  This retaliation took the form of almost daily harassment and, three months later, termination.

62.    The Defendant is therefore liable for damages relating to the injury to the Plaintiff's reputation, loss of employment, loss of income and benefits and loss of certain future employment opportunities.

63.    The actions of the Defendant and certain of its managers were willful and malicious and/or recklessly disregarded the rights of the Plaintiff.

64.    As a result of the Defendant's actions, the Plaintiff is entitled to punitive damages in

8

addition to her other damages.

## FOURTH CAUSE OF ACTION

### (FALSE LIGHT)

65.    Plaintiff realleges Paragraphs 1 through 64 and the First, Second and Third Causes of Action and incorporates the same by reference herein.

66.    The Defendant's actions have intentionally portrayed the Plaintiff in a false light to her co-workers and to her clients and future prospective employers.

67.    The Defendant's portrayal of the Plaintiff in a false light was of a nature which a reasonable person would find unconscionable and highly offensive.

68.    The Defendant is therefore liable for damages relating to the injury to the Plaintiff's reputation, loss of employment, loss of income and benefits and loss of certain future employment opportunities.

69.    The actions of the Defendant and certain of its managers were willful and malicious and/or recklessly disregarded the rights of the Plaintiff.

70.    As a result of the Defendant's actions, the Plaintiff is entitled to punitive damages in addition to her other damages.

## FIFTH CAUSE OF ACTION

### (DEFAMATION)

71.    Plaintiff realleges Paragraphs 1 through 70 and the First, Second, Third and Fourth Causes of Action and incorporates the same by reference herein.

72.    During her employment, Defendant accused Plaintiff of, without limitation, having supervision problems with various of her Trading Assistants and also of having customer service problems.

75.    These statements were false and defamatory and constitute defamation *per se*.

76.     These statements were negligently or intentionally communication to the Plaintiff's co-workers, clients and, after her termination, future employers.

77.     The Defendant is therefore liable for damages relating to the injury to the Plaintiff's reputation, loss of employment, loss of income and benefits and loss of future employment opportunities.

78.     The actions of the Defendant and those of certain of its managers were willful and malicious and/or recklessly disregarded the rights of the Plaintiff.

79.     As a result of the actions of the Defendant, Plaintiff is entitled to punitive damages in addition to her other damages.

### JURY DEMAND

The Plaintiff demands that the claims alleged herein be tried by a jury.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays judgment against the Defendant in an amount greater than Seventy-Five Thousand Dollars ($75,000.00) as follows:

1.     For the Plaintiff's lost wages and other benefits;

2.     For the Plaintiff's damages arising as of result of damage to her reputation, as well as how such damage prevented her from obtaining future employment, in such amounts as may be shown by proof and the time of trial;

3.     For damages under Title VII for emotional and other general damages as may be shown at the time of trial;

4.     For Plaintiff's reasonable attorney's fees pursuant to Title VII;

5.     For punitive damages as may be shown at the time of trial; and

6.      For interest on the foregoing, costs of court and other such relief as the court deems just and equitable.

Dated this 14th day of September, 2005

**LEWIS D. THOMPSON**

Lewis D. Thompson
P.O. Box 403
Summit, New Jersey 07902-0403
(908) 273-0992
(908) 277-0404 Facsimile
Email:  NJLAW6@aol.com

**Counsel for Plaintiff**

# LEHMAN BROTHERS

## Application For Employment

AS AN EQUAL OPPORTUNITY EMPLOYER, OUR FIRM POLICY AS WELL AS FEDERAL, STATE AND CITY LAWS PROHIBITS DISCRIMINATION IN EMPLOYMENT BASED ON RACE, COLOR, SEX, NATIONAL ORIGIN, AGE, RELIGION, MARITAL STATUS OR DISABILITY.

Date of Application: 10/22/97

| Last Name | Benson | First Name | Doreen | Middle Name | 2 |
|---|---|---|---|---|---|

Social Security No.: REDACTED

Are you either a U.S. citizen or an alien legally authorized to work in the U.S.? ☑Yes ☐No

Present Address: 401 E 88th St    Street    NY NY    Apt. No. 7D

Telephone No.: 212 722-7507

City: ___    State: ___    ZIP Code: 10128

If under 18, do you have working papers? ☐Yes ☐No

If your answer "yes" and are offered employment by our firm, you must complete the I-9 form required by the U.S. Immigration and Naturalization Service, and provide documentation to verify your identity and eligibility to work in the U.S. no later than three (3) business days after your date of hire.

Position Applied For: ___    Referred by: ___

Special Skills and/or Abilities: ___

### EMPLOYMENT HISTORY

List below all present and past employers for the past 10 years, beginning with your most recent position. Attach additional sheets if necessary.

| From/To Dates | Company Name, Type of Business and Address | Salary | Position and Description of Duties | Reason for Leaving | Supervisor |
|---|---|---|---|---|---|
| From (Mo./Yr.) 4/82 To (Mo./Yr.) 10/96 ☐Full Time ☐Part Time | Company: Xerox Corp — Type of Business: ___ — Address: Rochester, NY | Starting Salary: ___ — Present/Last Salary: ___ | Position: ___ — Description of Duties: Sales | A Careers | Supervisor's Name and Title: Sandy Brown — Telephone No.: ? |
| From (Mo./Yr.) 10/96 To (Mo./Yr.) Now ☑Full Time ☐Part Time | Company: Merrill Lynch — Type of Business: Brokerage — Address: ___ | Starting Salary: ___ — Ending Salary: ___ | Position: Broker — Description of Duties: Sales | Better offer | Supervisor's Name and Title: Mae Deford — Telephone No.: ___ |
| From (Mo./Yr.) ___ To (Mo./Yr.) ___ ☐Full Time ☐Part Time | Company: ___ — Type of Business: ___ — Address: ___ | Starting Salary: ___ — Ending Salary: ___ | Position: ___ — Description of Duties: ___ | ___ | Supervisor's Name and Title: ___ — Telephone No.: ___ |
| From (Mo./Yr.) ___ To (Mo./Yr.) ___ ☐Full Time ☐Part Time | Company: ___ — Type of Business: ___ — Address: ___ | Starting Salary: ___ — Ending Salary: ___ | Position: ___ — Description of Duties: ___ | ___ | Supervisor's Name and Title: ___ — Telephone No.: ___ |
| From (Mo./Yr.) ___ To (Mo./Yr.) ___ ☐Full Time ☐Part Time | Company: ___ — Type of Business: ___ — Address: ___ | Starting Salary: ___ — Ending Salary: ___ | Position: ___ — Description of Duties: ___ | ___ | Supervisor's Name and Title: ___ — Telephone No.: ___ |

### EDUCATION

| High School Name and Address | Course of Study | Other Education/Name and Address | Course of Study |
|---|---|---|---|
| Chatham twp HS | Highest Grade Completed: ___ | Columbia Univ. | G.S. |
| College Name and Address: Univ. of Tampa | Major: Criminology — Minor: Psychology + Soc. — Degree Received: BS | | |

### REF.

IF EMPLOYED BY LEHMAN BROTHERS INC. OR ITS AFFILIATES, YOU MAY BE ASKED TO BRING IN THREE LETTERS OF REFERENCE FROM INDIVIDUALS WHO CAN ACCOUNT FOR PERIODS OF UNEMPLOYMENT AND SELF-EMPLOYMENT AS INDICATED ABOVE.

LBF 3022 (3/97) (PRT. 9/97)    THE REVERSE SIDE OF THIS APPLICATION MUST ALSO BE COMPLETED

Have you ever been convicted of or pleaded guilty or nolo contendere ("no contest") to a crime of any kind other than minor traffic violations? *Minor traffic violations include parking tickets and other non-moving violations in addition to speeding and similar moving violations. "Driving while intoxicated" is not a minor traffic violation. (This information is being sought based on NYSE and bonding requirements as well as federal regulations. Applicants will not be summarily rejected because of a conviction record. Applicants with a conviction record who have been denied employment may request a written explanation concerning the denial.)　　☐ Yes　☑ No

Have you ever had a gap in your employment history of 6 months or greater?　　☐ Yes　☑ No

Have you ever been employed by Lehman Brothers Inc. ("Lehman") or any of its subsidiaries, parents, affiliates or predecessor firms?　　☐ Yes　☑ No

Have you ever been suspended, expelled or otherwise disciplined or penalized by any federal, state or foreign financial regulatory body or by any financial self-regulatory organization, exchange or association, or been denied membership therein, or ever withdrawn your application to such membership?　　☐ Yes　☑ No

Have you been associated with any broker-dealer, as a director, investment advisor, controlling stockholder, partner, officer, employee or some other representative which has been, or a principal of which has been suspended or expelled from any financial exchange or registered association, or was refused membership therein or withdrew an application for membership, or whose registration as a broker-dealer with the SEC or any state or agency has been denied, suspended, or revoked?　　☐ Yes　☑ No

Are you now subject to an order of the NASD or any national securities exchange?　　☐ Yes　☑ No

Have you ever been named as a "cause" or party in any action mentioned in the preceding questions taken with respect to a broker-dealer?　　☐ Yes　☑ No

Has any permanent or temporary injunction ever been entered against you?　　☐ Yes　☑ No

In your previous business connections or employment in any capacity, have transactions under your attention ever been the subject of complaint or regulatory proceeding?　　☐ Yes　☑ No

Are you now or have you ever been subject to an order of the SEC or any other regulatory agency or association which bars or suspends you from becoming associated with a broker-dealer?　　☐ Yes　☑ No

*If you have answered "YES" to any of the above, please supply additional information as to the reason(s) for the positive response(s) on a separate page.*

**Representation By Applicant**

I understand that any employment by Lehman Brothers Inc. or its affiliated companies (collectively, "Lehman") is conditioned upon positive responses from my references, bonding eligibility, continued adherence to Lehman's policies and procedures, applicable rules and regulations and job performance satisfactory at all times to Lehman.

I consent to take any pre or post-employment examinations as may be required by Lehman, including but not limited to medical, physical and fingerprinting and release Lehman from any liability that may arise from such examination.

I authorize an inquiry to be made on the information contained on this application. Upon written request, the nature and the scope of this inquiry will be made available to me. Former employers named on this application are authorized to give information about me and I release them from all liability for issuing such information. I further authorize Lehman to contact any of my former employers to verify the information I have provided and inquire as to my work history.

I understand that my status is that of an employee at will, meaning that I have no contractual right, express or implied, to remain in Lehman's employ. In consideration of my employment, I specifically agree that my employment or the terms and conditions thereof including compensation, can be changed or terminated with or without cause, and with or without notice, at any time, at the option of Lehman.

In connection with this application for employment with Lehman, I have been informed by Lehman and I understand that, as part of regular employment procedures for employment, promotion, reassignment, or retention as an employee, a consumer report and/or investigative consumer report, including information as to my character, past employment, credit worthiness, general reputation and personal characteristics may be made. I understand that I have the right to make a written request, within a reasonable period of time, for a complete and accurate disclosure of the nature and scope of the investigation requested. I authorize the furnishing of a report concerning my credit worthiness and other information permitted by state and federal laws and agree to hold all persons harmless with respect to any information they may give, receive, or publish.

I hereby attest and warrant that all my answers on this application as well as on all forms completed in conjunction with my employment are true and accurate. I understand that any misrepresentation of facts, failure to disclose information required on this application or material change in any information provided which is not reported to Human Resources shall be cause for dismissal regardless of when discovered by Lehman.

I agree that all work product developed during my employment at Lehman is the property of Lehman and no attempt will be made to deliver or utilize said work product for any purpose other than the benefit of Lehman. I understand that all records, including copies, are property of Lehman and may only be taken upon request of Lehman. I further agree that Lehman has the sole exclusive right to patent, copyright or otherwise protect its proprietary interest in such work product without any such further consent on my part.

I hereby agree that any controversy arising out of or in connection with my compensation, employment or termination of employment with Lehman Brothers Inc. or any of its affiliated companies, shall be submitted to arbitration before the National Association of Securities Dealers, Inc., the New York Stock Exchange, Inc. or the American Stock Exchange Inc. and be resolved in accordance with the rules, then in effect, of such entities. In the event I fail to abide by these terms, this section shall in no way limit or impair the Firm's other legal rights, including the right to enforce said provisions in a court of competent jurisdiction. This provision applies (but is not limited) to any claims or actions under Title VII, the ADA, the ADEA or any other federal, state or local discrimination laws.

| Signature of Applicant | Date |
|---|---|
| *Adam Bensu* | 10·29·97 |

**FORM U-4**

## UNIFORM APPLICATION FOR SECURITIES INDUSTRY REGISTRATION OR TRANSFER
*If there is an amendment to this page, complete only items 1, 2, 3, 4 and items being amended.*

① LAST NAME    JR./SR. etc.   FIRST NAME   MIDDLE NAME (Initial if none)
BENSON            DOREEN          Loretta

② APPLICANT'S CRD #
③ APPLICANT'S SOC. SEC. #     REDACTED

② FIRM CRD # 7506
FIRM NO. # 0000264    ④ FIRM NAME (Do not include this employment under item 19, page 3)
LEHMAN BROTHERS INCORPORATED    APPLICANT'S NFA #
⑤ EMPLOYMENT DATE 11/20/97

⑥ FIRM MAIN ADDRESS   STREET                        CITY          STATE   ZIP
3 WORLD FINANCIAL CENTER/200 VESEY STREET   NEW YORK   NY   10285

⑦ BRANCH I.D. # 00306    OFFICE OF EMPLOYMENT ADDRESS   STREET   CITY   STATE   ZIP

⑧ Will applicant maintain registration with another Broker-Dealer not under common ownership or control with the firm named in Item 4 above?   ☐ Yes   ☒ No
If "Yes", list in item 19)
If "Yes", has/have the firm(s) been contacted?   ☐ Yes   ☐ No

⑨ Will applicant maintain multiple registrations with Broker-Dealers under common ownership or control with the firm named in Item 4 above?   ☐ Yes   ☒ No
If "Yes", fill in information below:

Firm CRD # _____   Name of Firm _____
Firm CRD # _____   Name of Firm _____
Firm CRD # _____   Name of Firm _____

⑩ TO BE REGISTERED WITH THE FOLLOWING:

**S R O**

| ASE | BSE | CBOE | CSE | MSE | NASD | NPA | NYSE | PHLX | PSE | OTHER (Specify) |
|-----|-----|------|-----|-----|------|-----|------|------|-----|------------------|
| ☒ | ☐ | ☒ | ☐ | ☒ | ☒ | ☐ | ☒ | ☒ | ☒ | |

**J U R I S D I C T I O N**

| AK | AL | AR | AZ | CA | CO | CT | DC | DE | FL | GA | HI | IA |
|----|----|----|----|----|----|----|----|----|----|----|----|----|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☒ | ☐ |

| ID | IL | IN | KS | KY | LA | MA | MD | ME | MI | MN | MO | MS |
|----|----|----|----|----|----|----|----|----|----|----|----|----|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

| MT | NC | ND | NE | NH | NJ | NM | NV | NY | OH | OK | OR | PA |
|----|----|----|----|----|----|----|----|----|----|----|----|----|
| ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

| RI | SC | SD | TN | TX | UT | VA | VT | WA | WI | WV | WY | PR |
|----|----|----|----|----|----|----|----|----|----|----|----|----|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

All Jurisdictions.
(Check in Lieu Of
Each Individual
Box).

⑪ TYPE OF EXAMINATION/REGISTRATION REQUESTED (check all applicable categories)

| | |
|---|---|
| ☐ S-3   Commodity Futures Examination | ☐ S-39 (DP)   Direct Participation Program Principal |
| ☐ S-4 (OP)   Registered Options Principal | ☐ S-42 (OR)   Options Representative |
| ☐ S-5   Interest Rate Options Examination | ☐ S-52 (MR)   Municipal Securities Representative |
| ☐ S-6 (IR)   Investment Company and Variable Contracts Products Representative | ☐ S-53 (MP)   Municipal Securities Principal |
| ☒ S-7 (GS)   Full Registration/General Securities Representative | ☐ S-82 (CS)   Corporate Securities Representative |
| ☐ S-7 (TR)   Securities Trader (NYSE) | ☐ S-63   Uniform Securities Agent State Law Examination |
| ☐ S-7 (TS)   Trading Supervisor (NYSE) | ☐ S-66   Uniform Investment Advisor Law Examination |
| ☐ S-8 (SU)   General Securities Sales Supervisor | ☒ (AG)   Agent |
| ☐ S-9 (BM)   Branch Office Manager (NYSE) | ☐ (RG)   Government Securities Representative |
| ☐ S-11 (AR)   Assistant Representative/Order Processing | ☐ (PG)   Government Securities Principal |
| ☐ S-15 (FC)   Foreign Currency Options | ☐ (ME)   Member Exchange (NYSE) |
| ☐ S-16 (SA)   Supervisory Analyst | ☐ (LE)   Securities Lending Representative (NYSE) |
| ☐ S-22 (DR)   Direct Participation Program Representative | ☐ (LS)   Securities Lending Supervisor (NYSE) |
| ☐ S-24 (GP)   General Securities Principal | ☐ (AM)   Allied Member (NYSE) |
| ☐ S-26 (IP)   Investment Company and Variable Contracts Products Principal | ☐ (AP)   Approved Person (NYSE) |
| ☐ S-27 (FN)   Financial and Operations Principal | ☐ (AI)   Agent of the Issuer |
| ☐ S-28 (FI)   Introducing Broker-Dealer/Financial and Operations Principal | ☐   Reschedule Exam Series _____ |
| | ☐   Other _____ |

### THIS PORTION MUST BE COMPLETED FOR ALL PARTIAL (TRANSFER OR RE-REGISTRATION) FILINGS

⑫ APPLICANT'S CURRENT ADDRESS:   STREET 441 e 95th St   CITY NY   STATE NY   ZIP 10128    FROM MONTH 9 YEAR 92

FIRM(S) APPLICANT IS TRANSFERRING FROM:
Merrill Lynch    TERMINATION DATE: (Mo/Day/Yr.) 10/24/97

☐  ◄   *CHECK IF THIS U-4 IS BEING FILED TO MAKE PERMANENT A TEMPORARY REGISTRATION (TAT).*

The appropriate signatory area DOES NOT have to be completed UNLESS this page is being submitted as an amendment.    11/20/97

_____
MONTH   DAY   YEAR    SIGNATURE OF APPROPRIATE SIGNATORY

TYPE OR PRINT NAME OF APPROPRIATE SIGNATORY    CRD USE ONLY

### FORM U-4
## UNIFORM APPLICATION FOR SECURITIES INDUSTRY REGISTRATION OR TRANSFER
*If there is an amendment to this page, complete only items 13, 14 and the items being amended.*

| ⑬ FIRM CRD # **7506** | SOCIAL SECURITY # | APPLICANT'S CRD # |
|---|---|---|
| FIRM NFA # **0000264** | **REDACTED** | APPLICANT'S NFA # |

### PERSONAL DATA

| ⑭ LAST NAME **Benson** | JR./SR., etc. | FIRST NAME **DOREEN** | MIDDLE NAME **LORETTA** | ⑮ OTHER NAMES KNOWN BY **N/A** | |
|---|---|---|---|---|---|
| ⑯ DATE OF BIRTH (Month, Day, Year) **REDACTED** | | ⑰ SEX **F** | HEIGHT **5'10"** | WEIGHT **150** | HAIR COLOR **Br** | EYE COLOR **Br** |

### RESIDENTIAL HISTORY

⑱ GIVE ALL ADDRESSES FOR THE PAST FIVE YEARS, STARTING WITH CURRENT ADDRESS.

| STREET | CITY | STATE | ZIP | FROM MONTH | YEAR | TO MONTH | YEAR |
|---|---|---|---|---|---|---|---|
| 401 E BBth STREET | NEW YORK | NY | 10128 | 9 | 92 | PRESENT | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

### EMPLOYMENT AND PERSONAL HISTORY

⑲ ACCOUNT FOR ALL TIME FOR THE PAST TEN YEARS. Give all employment experience starting with your previous employer and working back ten years. Include full and part-time work, self-employment, military service, unemployment and full-time education. (If this page is being filed as part of a Form BD, start with your present employer instead.)

| | FROM MONTH | YEAR | TO MONTH | YEAR | POSITION HELD |
|---|---|---|---|---|---|
| NAME **Merrill Lynch** | 10 | 96 | 10 | 97 | **PC** |
| CITY **NY**      STATE **NY** | | | | | |
| NAME **Xerox Corp** | 4 | 82 | 9 | 96 | **Senior Mkt Mgr** |
| CITY **NY**      STATE **NY** | | | | | |
| NAME | | | | | |
| CITY      STATE | | | | | |
| NAME | | | | | |
| CITY      STATE | | | | | |
| NAME | | | | | |
| CITY      STATE | | | | | |
| NAME | | | | | |
| CITY      STATE | | | | | |
| NAME | | | | | |
| CITY      STATE | | | | | |
| NAME | | | | | |
| CITY      STATE | | | | | |
| NAME | | | | | |
| CITY      STATE | | | | | |
| NAME | | | | | |
| CITY      STATE | | | | | |

⑳ Are you currently engaged in any other business (not shown above) either as a proprietor, partner, officer, director, trustee, employee, agent or otherwise? ☐ YES ☒ NO   If "YES", please explain below:

The appropriate signatory area *DOES NOT* have to be completed *UNLESS* this page is being submitted as an amendment.

MONTH   DAY   YEAR   SIGNATURE OF APPROPRIATE SIGNATORY

TYPE OR PRINT NAME OF APPROPRIATE SIGNATORY

CRD USE ONLY

| FIRM CRD # | FIRM NFA # | SOCIAL SECURITY | APPLICANT'S CRD # | APPLICANT'S NFA # |
|---|---|---|---|---|
| 7506 | 0000264 | REDACTED | REDACTED | |

IF THE ANSWER TO ANY OF THE FOLLOWING QUESTIONS IS 'YES' AND YOU CANNOT UTILIZE THE CERTIFICATION IN ITEM 22O BELOW, ATTACH COMPLETE DETAILS OF ALL EVENTS OR PROCEEDINGS ON DRP S1

**22 DEFINITIONS**

- Charged — Accused of a crime in a formal complaint, information, or indictment.
- Investment or investment-Related — Pertaining to securities, commodities, banking, insurance, or real estate including, but not limited to acting as or being associated with a broker-dealer, investment company, investment adviser, futures sponsor, bank, or savings and loan association.

- Involved — Doing an act of aiding, abetting, counseling, commanding, inducing, conspiring with or failing reasonably to supervise another in doing an act.
- Foreign Financial Regulatory Authority — includes (A) a foreign securities authority; (B) other governmental body or foreign equivalent of a self-regulatory organization empowered by a foreign government to administer or enforce its laws relating to the regulation of investment or investment-related activities; or (C) a membership organization, a function of which is to regulate the participation of its members in the activities listed above.

| | | YES | NO | |
|---|---|---|---|---|
| **22A.** | Have you been convicted of or pled guilty or nolo contendere ("no contest") in a domestic or foreign court to: | | | |
| | (1) a felony or misdemeanor involving: investments or an investment-related business, fraud, false statements or omissions, wrongful taking of property, or bribery, forgery, counterfeiting or extortion? | ☐ | ☒ | 1 |
| | (2) gambling? | ☐ | ☒ | 2 |
| | (3) any other felony? | ☐ | ☒ | 3 |
| **B.** | Have you, or an organization over which you exercised management or policy control, ever been charged with any felony or charged with a misdemeanor specified in question A(1) or (2) in a domestic or foreign court? | ☐ | ☒ | 4 |
| **C.** | Has any domestic or foreign court ever: | | | |
| | (1) enjoined you in connection with any investment-related activity? | ☐ | ☒ | 5 |
| | (2) found that you were involved in a violation of investment-related statutes or regulations? | ☐ | ☒ | 6 |
| **D.** | Has the U.S. Securities and Exchange Commission or the Commodity Futures Trading Commission ever: | | | |
| | (1) found you to have made a false statement or omission? | ☐ | ☒ | 7 |
| | (2) found you to have been involved in a violation of investment-related regulations or statutes? | ☐ | ☒ | 8 |
| | (3) found you to have been a cause of an investment-related business having its authorization to do business denied, suspended, revoked, or restricted? | ☐ | ☒ | 9 |
| | (4) entered an order denying, suspending or revoking your registration or disciplined you by restricting your activities? | ☐ | ☒ | 10 |
| | (5) imposed a civil money penalty on you, or ordered you to cease and desist from any activity? | ☐ | ☒ | 10A |
| **E.** | Has any other Federal regulatory agency or any state regulatory agency or foreign financial regulatory authority ever: | | | |
| | (1) found you to have made a false statement or omission or been dishonest, unfair or unethical? | ☐ | ☒ | 11 |
| | (2) found you to have been involved in a violation of investment regulations or statutes? | ☐ | ☒ | 12 |
| | (3) found you to have been a cause of an investment-related business having its authorization to do business denied, suspended, revoked, or restricted? | ☐ | ☒ | 13 |
| | (4) entered an order against you in connection with investment-related activity? | ☐ | ☒ | 14 |
| | (5) denied, suspended, or revoked your registration or license or otherwise prevented you from associating with an investment-related business, or disciplined you by restricting your activities? | ☐ | ☒ | 15 |
| | (6) revoked or suspended your license as an attorney, accountant or federal contractor? | ☐ | ☒ | 16 |
| **F.** | Has any self-regulatory organization or commodities exchange ever: | | | |
| | (1) found you to have made a false statement or omission? | ☐ | ☒ | 17 |
| | (2) found you to have been involved in a violation of its rules? | ☐ | ☒ | 18 |
| | (3) found you to have been the cause of an investment-related business having its authorization to do business denied, suspended, revoked or restricted? | ☐ | ☒ | 19 |
| | (4) disciplined you by expelling or suspending you from membership, barring or suspending your association with its members, or restricting your activities? | ☐ | ☒ | 20 |
| **G.** | Has any foreign government ever entered an order against you related to investments or fraud, other than as reported in Items 22A, B, C or E? | ☐ | ☒ | 21 |
| **H.** | Have you ever been the subject of an investment-related, consumer-initiated complaint or proceeding that: | | | |
| | (1) alleged compensatory damages of $10,000 or more, fraud, or wrongful taking of property? | ☐ | ☒ | 22 |
| | (2) was settled or decided against you for $5,000 or more, or found fraud or the wrongful taking of property? | ☐ | ☒ | 23 |
| **I.** | Are you now the subject of any complaint, investigation, or proceeding that could result in a "yes" answer to parts A-H of this item? | ☐ | ☒ | 24 |
| **J.** | Has a bonding company denied, paid out on, or revoked a bond for you? | ☐ | ☒ | 25 |
| **K.** | Do you have any unsatisfied judgments or liens against you? | ☐ | ☒ | 26 |
| **L.** | Have you or a firm that you exercised management or policy control over, or owned 10% or more of the securities of, failed in business, made a compromise with creditors, filed a bankruptcy petition or been declared bankrupt? | ☐ | ☒ | 27 |
| **M.** | Has a broker or dealer firm that you exercised management or policy control over, or owned 10% or more of the securities of, been declared bankrupt, had a trustee appointed under the Securities Investor Protection Act, or had a direct payment procedure initiated? | ☐ | ☒ | 28 |
| **N.** | Have you been discharged or permitted to resign because you were accused of: | | | |
| | (1) violating investment-related statutes, regulations, rules, or industry standards of conduct? | ☐ | ☒ | 29 |
| | (2) fraud or the wrongful taking of property? | ☐ | ☒ | 30 |
| | (3) failure to supervise in connection with investment-related statutes, regulations, rules or industry standards of conduct? | ☐ | ☒ | 31 |

**DISCLOSURE CERTIFICATION (OPTIONAL)**

You may only certify to the accuracy and completeness of the disclosure information in your file if it has been fully provided in DRP format. If DRP(s) are not on file, do not answer these certification boxes. Provide full details of all matters on DRP(s). All appropriate questions in Item 22 must be answered, regardless of whether the certification is being utilized. Refer to the instructions on the inside cover of the Form U-4 for additional information on the utilization of the certification language.

| O. I have reviewed a copy of my disclosure file taken from the CRD system. I acknowledge that all information contained therein is fully disclosed, accurate and in DRP format. I further certify the following: | 1. I have no new information to add to my disclosure file. ...... ☒ | 32 |
|---|---|---|
| | 2. I have new information to add to my disclosure file which is reported on the attached DRP(s). ... ☐ | 32 |
| | 3. I have updated information, reported on the attached DRP(s), which was previously reported ... ☐ and contained in Occurrence | 32 |

The applicant and appropriate signatory above DOES NOT have to be completed UNLESS this page is being submitted as an amendment.

| MONTH | DAY | YEAR | SIGNATURE OF APPLICANT |
|---|---|---|---|
| | | | |

TYPE OR PRINT
NAME OF APPLICANT:

**FORM U-4**

## UNIFORM APPLICATION FOR SECURITIES INDUSTRY REGISTRATION OR TRANSFER

*If there is an amendment to this page, complete only Item 23 and items being amended.*

| ⑧ FIRM CRD # 7506 | SOCIAL SECURITY # | APPLICANT'S CRD # | REDACTED |
|---|---|---|---|
| FIRM NO# ③ 0000264 | REDACTED | APPLICANT'S NO# | |

### THE APPLICANT MUST READ THE FOLLOWING VERY CAREFULLY

1. I swear or affirm that I have read and understand the items and instructions on this form and that my answers (including attachments) are true and complete to the best of my knowledge. I understand that I am subject to administrative, civil or criminal penalties if I give false or misleading answers.

2. I apply for registration with the jurisdictions and organizations indicated in Item 10 as may be amended from time to time and, in consideration of the jurisdictions and organizations receiving and considering my application, I submit to the authority of the jurisdictions and organizations and agree to comply with all provisions, conditions and covenants of the statutes, constitutions, certificates of incorporation, by-laws and rules and regulations of the jurisdictions and organizations as they are or may be adopted, or amended from time to time. I further agree to be subject to and comply with all requirements, rulings, orders, directives and decisions of, and penalties, prohibitions and limitations imposed by the jurisdictions and organizations, subject to right of appeal or review as provided by law.

3. I agree that neither the jurisdictions or organizations nor any person acting on their behalf shall be liable to me for action taken or omitted to be taken in official capacity or in the scope of employment, except as otherwise provided in the statutes, constitutions, certificates of incorporation, by-laws or the rules and regulations of the jurisdictions and organizations.

4. I authorize the jurisdictions and organizations to give any information they may have concerning me to any employer or prospective employer, any federal, state or municipal agency, or any other organization and I release the jurisdictions and organizations and any person acting on their behalf from any and all liability of whatever nature by reason of furnishing such information.

5. I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the organizations indicated in Item 10 as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgement in any court of competent jurisdiction.

6. For the purpose of complying with the laws relating to the offer or sale of securities or commodities in the jurisdictions indicated in Item 10 as may be amended from time to time, I irrevocably appoint the administrator of each of those jurisdictions, or such other person designated by law, and the successors in such office, my attorney upon whom may be served any notice, process or pleading in any action or proceeding against me arising out of or in connection with the offer or sale of securities or commodities, or out of the violation or alleged violation of the laws of the jurisdictions. I consent that any such action or proceeding against me may be commenced in any court of competent jurisdiction and proper venue by service of process upon the appointee as if I were a resident of, and had been lawfully served with process in, the jurisdiction. I request that a copy of any notice, process or pleading served hereunder be mailed to my current residential address as reflected in this form or any amendment thereto.

7. I consent that notice of any investigation or proceeding by any self-regulatory organization against applicant may be given by personal service or by regular, registered or certified mail or confirmed telegram to applicant at his/her most recent business or home address as reflected in this Form U-4, or any amendment thereto, or by leaving notice of the investigation or proceeding at such address.

8. I authorize all of my employers and any other person or organization or any agent acting on its behalf, any information they have, including my creditworthiness, character, ability, business activities, educational background, general reputation, history of my employment and, in the case of former employers, complete reasons for my termination. Moreover, I release each employer, former employer and each other person from any and all liability, of whatever nature, by reason of furnishing any of the above information, including that information reported on the Uniform Termination Notice for Securities Industry Registration (Form U-5). I recognize that I may be the subject of an investigative consumer report ordered by the jurisdictions, or organizations with which this application is being filed, and waive any requirement of notification with respect to any investigative consumer report ordered by any such jurisdiction or organization. I understand that I have the right to request complete and accurate disclosure by the jurisdiction or organization of the nature and scope of the requested investigative consumer report.

9. I understand and certify that the representations in this form apply to all employers with whom I seek registration as indicated in Items 4 and 9 of this form. I agree to update this form by causing an amendment to be filed on a timely basis whenever changes occur to answers previously reported. Further, I represent that, to the extent any information previously submitted is not amended, the information provided in this form is currently accurate and complete.

10. If I have become temporarily registered as an agent, I acknowledge that this application for registration with the jurisdictions and organizations indicated in Item 10 is separate and distinct from any temporary registration already obtained with the jurisdictions and organizations. I further understand that my registration may be denied, suspended or revoked under the laws, regulations or rules of the jurisdictions and organizations.

REDACTED
_____
Month    Day    Year

SIGNATURE OF APPLICANT *Doreen Benson*

TYPE OR PRINT NAME OF APPLICANT    DOREEN BENSON

### THE FIRM MUST COMPLETE THE FOLLOWING

To the best of my knowledge and belief, the applicant is currently bonded where required, and, at the time of approval, will be familiar with the statutes, constitutions, rules and by-laws of the agency, jurisdiction or self-regulatory organization with which this application is being filed, and the rules governing registered persons, and will be fully qualified for the position for which application is being made herein. I agree that, notwithstanding the approval of such agency, jurisdiction or organization which hereby is requested, I will not employ the applicant in the capacity stated herein without first receiving the approval of any authority which may be required by law. This firm has communicated with all of the applicant's previous employers for the past three years.

| EMPLOYER | NAME OF PERSON CONTACTED | POSITION OF PERSON CONTACTED | EMPLOYED FROM | EMPLOYED TO | HOW CONTACTED PHONE | LETTER | INTERVIEW |
|---|---|---|---|---|---|---|---|
| MERRILL LYNCH  449-1000 | MARIA PALENCIA | H.R. | 10/96 | 10/97 | X | | |
| | | | | | | v | |
| | | | | | | | |

IN ADDITION, I HAVE TAKEN APPROPRIATE STEPS TO VERIFY THE ACCURACY AND COMPLETENESS OF THE INFORMATION CONTAINED IN AND WITH THIS APPLICATION.

THE APPROPRIATE SIGNATORY AREA MUST BE COMPLETED ON ALL INITIAL, TRANSFER OR AMENDMENT FILINGS.

| 11- | 20 - 97 |
|---|---|
| MONTH | DAY    YEAR |

SIGNATURE OF APPROPRIATE SIGNATORY *Michael Legieza*

Michael Legieza
TYPE OR PRINT NAME OF APPROPRIATE SIGNATORY

| CRD USE ONLY |
|---|
| |

# FORM U-4
# UNIFORM APPLICATION FOR SECURITIES INDUSTRY REGISTRATION OR TRANSFER

| | Rev. Form U-4 (08/1999) |
|---|---|

**U4 - AMENDMENT 10/28/1999**

## U4 - GENERAL INFORMATION

| First Name: DOREEN | Middle Name: LORETTA | | Last Name: BENSON | Suffix JR./SR., etc.: |
|---|---|---|---|---|
| Firm CRD #: 7506 | Firm or Issuer Name: (Include this employment under Item 20, page 2) LEHMAN BROTHERS INC. | | Employment Date (MM/DD/YYYY): 11/20/1997 | CRD Branch #: |
| Billing Code: (optional) 00306 | Applicant's CRD #: REDACTED | | | Applicant's SS #: REDACTED |
| Office of Employment Address Street 1: 200 VESEY STREET | | Office of Employment Address Street 2: 3 WORLD FINANCIAL CENTER | | |
| City: NEW YORK | State: New York | Country: | Zip: 10285-1900 | |

## DUAL REGISTRATION

A. Will applicant maintain registration with a Broker Dealer not under common ownership or control with the firm named above? If yes, list the firm(s) in Item 20 on page 2.     ⦿ Yes ○ No

B. Will applicant maintain registration with an Investment Adviser not under common ownership or control with the firm named above? If yes, list the firm(s) in Item 20 on page 2.     ○ Yes ○ No

## U4 - AFFILIATED FIRMS

Will applicant maintain registration with firm(s) under common ownership or control with the firm named in item 4 above?

If Yes, Please fill in the details to indicate a request for registration with additional firm(s).

○ Yes     ⦿ No

No Information Filed

## U4 - SRO REGISTRATIONS

**To be registered with the following *SROs* and related registration categor(ies), check the appropriate *SRO*/registration request boxes.**
**Qualifying examinations will be automatically scheduled if needed. If you are only scheduling or re-scheduling an exam, skip this item and complete the Examination Requests section.**

| REGISTRATION CATEGORY | NASD | NYSE | AMEX | BSE | CSE | PCX | CBOE | CHX | PHLX | ISE |
|---|---|---|---|---|---|---|---|---|---|---|
| OP - Registered Options Principal (S4) | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| IR - Investment Company and Variable Contracts Products Rep. (S6) | ☐ | ☐ | | | ☐ | | | | | |
| GS - Full Registration/General Securities Representative (S7) | ☑ | ☑ | ☑ | ☐ | ☐ | ☑ | ☑ | ☐ | ☑ | ☐ |
| TR - Securities Trader (S7) | | ☐ | ☐ | | ☐ | | | | | |

| REGISTRATION CATEGORY | NASD | NYSE | AMEX | BSE | CSE | PCX | CBOE | CHX | PHLX | ISE |
|---|---|---|---|---|---|---|---|---|---|---|
| TS - Trading Supervisor (S7) | | ☐ | ☐ | | ☐ | | | | | |
| SU - General Securities Sales Supervisor (S9 and S10) | ☐ | | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | |
| BM - Branch Office Manager (S9 and S10) | | ☐ | ☐ | | | | | | | |
| SM - Securities Manager (S12) | | ☐ | | | | | | | | |
| **REGISTRATION CATEGORY** | **NASD** | **NYSE** | **AMEX** | **BSE** | **CSE** | **PCX** | **CBOE** | **CHX** | **PHLX** | **ISE** |
| AR - Assistant Representative/Order Processing (S11) | ☐ | | | | ☐ | | | ☐ | | |
| IE - Limited Registered Representative (S17) | ☐ | ☐ | ☐ | | | ☐ | ☐ | | ☐ | |
| DR - Direct Participation Program Representative (S22) | ☐ | ☐ | | | ☐ | | | ☐ | | |
| GP - General Securities Principal (S24) | ☐ | | | ☐ | ☐ | | | ☐ | | |
| IP - Investment Company and Variable Contracts Products Principal (S26) | ☐ | | | | ☐ | | | | | |
| FA - Foreign Associate | ☐ | | | | | | | | | |
| FN - Financial and Operations Principal (S27) | ☐ | | | ☐ | ☐ | | ☐ | ☐ | | |
| FI - Introducing Broker-Dealer/Financial and Operations Principal (S28) | ☐ | | | | ☐ | | | ☐ | | |
| **REGISTRATION CATEGORY** | **NASD** | **NYSE** | **AMEX** | **BSE** | **CSE** | **PCX** | **CBOE** | **CHX** | **PHLX** | **ISE** |
| DP - Direct Participation Program Principal (S39) | ☐ | | | | ☐ | | | | | |
| OR - Options Representative (S42) | ☐ | | | ☐ | | | | ☐ | | |
| MR - Municipal Securities Representative (S52) | ☐ | ☐ | | | ☐ | | | ☐ | | |
| MP - Municipal Securities Principal (S53) | ☐ | | | | ☐ | | | ☐ | | |
| CS - Corporate Securities Representative (S62) | ☐ | | | | ☐ | | | ☐ | | |
| RG - Government Securities Representative (S72) | ☐ | | | | | | | | | |
| PG - Government Securities Principal (S73) | ☐ | | | | | | | | | |
| SA - Supervisory Analyst (S16) | | ☐ | | | | | | | | |
| PR - Limited Representative - Private Securities Offerings (S82) | ☐ | | | | | | | | | |
| **REGISTRATION CATEGORY** | **NASD** | **NYSE** | **AMEX** | **BSE** | **CSE** | **PCX** | **CBOE** | **CHX** | **PHLX** | **ISE** |
| CD - Canada-Limited General Securities Registered Representative (S37) | ☐ | ☐ | | | | | ☐ | | | |
| CN - Canada-Limited General Securities Registered Representative (S38) | ☐ | ☐ | | | | | ☐ | | | |
| ET - Equity Trader (S55) | ☐ | | | | ☐ | | | | | |
| AM - Allied Member | | ☐ | ☐ | | | | | | | |
| AP - Approved Person | | ☐ | ☐ | | | | | | | |
| LE - Securities Lending Representative | | ☐ | | | | | | | | |
| LS - Securities Lending Supervisor | | ☐ | | | | | | | | |
| ME - Member Exchange | | ☐ | ☐ | ☐ | ☐ | | | | | |

| REGISTRATION CATEGORY | NASD | NYSE | AMEX | BSE | CSE | PCX | CBOE | CHX | PHLX | ISE |
|---|---|---|---|---|---|---|---|---|---|---|
| FE - Floor Employee | | □ | □ | □ | □ | | | | | |
| OF - Officer | | □ | | | □ | | | | | |
| CO - Compliance Official (S14) | | □ | | | | | | | | |
| CF - Compliance Official Specialist (S14A) | | □ | | | | | | | | |
| PM - Floor Member Conducting Public Business | | □ | □ | | | | | | | |
| PC - Floor Clerk Conducting Public Business | | □ | □ | | | | | | | |
| SC - Front Line Specialist Clerk | | □ | | | | | | | | |
| TA - Trading Assistant | | □ | | | | | | | | |

## U4 - JURISDICTIONS

Mark ☑ appropriate *jurisdiction* for AG (Broker Dealer Agent) and/or IAR (Investment Adviser Representative) registration. Complete Item 12B for Agent of the Issuer designation.

| JURISDICTION | AG | RA | JURISDICTION | AG | RA | JURISDICTION | AG | RA | JURISDICTION | AG | RA |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alabama | □ | □ | Illinois | □ | □ | Montana | □ | □ | Puerto Rico | □ | □ |
| Alaska | □ | □ | Indiana | □ | □ | Nebraska | □ | □ | Rhode Island | □ | □ |
| Arizona | □ | □ | Iowa | □ | □ | Nevada | □ | □ | South Carolina | □ | □ |
| Arkansas | □ | □ | Kansas | □ | □ | New Hampshire | □ | □ | South Dakota | □ | □ |
| California | ☑ | □ | Kentucky | □ | □ | New Jersey | ☑ | □ | Tennessee | □ | □ |
| Colorado | □ | □ | Louisiana | □ | □ | New Mexico | □ | □ | Texas | □ | □ |
| Connecticut | □ | □ | Maine | ☑ | □ | New York | ☑ | □ | Utah | □ | □ |
| Delaware | ☑ | □ | Maryland | □ | □ | North Carolina | □ | □ | Vermont | □ | □ |
| District of Columbia | □ | □ | Massachusetts | ☑ | □ | North Dakota | □ | □ | Virginia | □ | □ |
| Florida | ☑ | □ | Michigan | □ | □ | Ohio | □ | □ | Washington | □ | □ |
| Georgia | □ | □ | Minnesota | □ | □ | Oklahoma | □ | □ | West Virginia | □ | □ |
| Hawaii | □ | □ | Mississippi | □ | □ | Oregon | □ | □ | Wisconsin | □ | □ |
| Idaho | □ | □ | Missouri | □ | □ | Pennsylvania | ☑ | □ | Wyoming | □ | □ |

AGENT OF THE ISSUER REGISTRATION CATEGORY □ Indicate 2 letter *jurisdiction* code (s):

## U4 - EXAMINATION REQUESTS

13. Complete this Item below only if you are scheduling or rescheduling an exam, or continuing education session.

| | | | | | | |
|---|---|---|---|---|---|---|
| □ S3 | □ S10 | □ S16 | □ S28 | □ S38 | □ S55 | □ S73 |
| □ S4 | □ S11 | □ S17 | □ S30 | □ S39 | □ S62 | □ S82 |
| □ S5 | □ S12 | □ S22 | □ S31 | □ S42 | □ S63 | |
| □ S6 | □ S14 | □ S24 | □ S32 | □ S52 | □ S65 | □ S101 |
| □ S7 | | □ S26 | □ S33 | □ S53 | □ S66 | |
| □ S9 | □ S14A | □ S27 | □ S37 | | □ S72 | □ S106 |
| | □ S15 | | | | | □ S201 |

Date Month (MM) Day (DD) Year (YYYY)

_____

Signature of *Appropriate Signatory*

_____

Type or Print Name of *Appropriate Signatory*

## U4 – PERSONAL INFORMATION

| | | |
|---|---|---|
| **Firm CRD #**<br>7506 | **Social Security #**<br>REDACTED | **Applicant's CRD#**<br>REDACTED |
| **First Name:**<br>DOREEN | **Middle Name:**<br>LORETTA | **Last Name:**<br>BENSON |
| **Suffix JR./SR., etc.:** | **Date of Birth**<br>**(MM/DD/YYYY)**<br>REDACTED | |
| **State/Province of Birth**<br>UNKNOWN | **Country of Birth** | **Sex**<br>○ Male ◉ Female |
| **Height (ft)**<br>5 | **Height (in)**<br>10 | **Weight (lbs)**<br>155 |
| **Hair Color**<br>Brown | **Eye Color**<br>Green | |

## U4 – OTHER NAMES

No Information Filed

## U4 – RESIDENTIAL HISTORY

| From | To | Street | City | State | Country | Zip |
|---|---|---|---|---|---|---|
| 09/1992 | PRESENT | 401 & 88TH ST | NY | NY | UNITED STATES | 10128 |
| 06/1997 | 09/1997 | 401 EAST 88TH STREET APT. 7D | NEW YORK | NY | UNITED STATES | 10128 |
| 09/1992 | 06/1997 | 401 E 88TH STREET | NEW YORK | NY | UNITED STATES | 10128 |

## U4 – EMPLOYMENT HISTORY

| From | To | Name of Company or Firm | Investment-related business? | City | State | Country | Position |
|---|---|---|---|---|---|---|---|
| 11/1997 | PRESENT | LEHMAN BROTHERS INC. | ◉ Yes ○ No | NEW YORK | NY | | UNKNCONV |
| 10/1996 | 10/1997 | MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED | ◉ Yes ○ No | NEW YORK | NY | | UNKNCONV |
| 04/1982 | 10/1996 | XEROX CORP. | ○ Yes ◉ No | MORRIS PLAINS | NJ | | OTHER - MARKETING REP. |
| 06/1994 | 12/1995 | SEABOARD SECURITIES, INC. | ◉ Yes ○ No | NEW YORK | NY | | UNKNCONV |
| 06/1994 | 12/1995 | SEABOARD SECURITIES | ○ Yes ◉ No | NEW YORK | NY | | OTHER - SPONSORED FOR |

| | | | | | | | SERIES 7 AND 63 |

## U4 - OTHER BUSINESS

Are you <u>currently</u> engaged in any other business either as a proprietor, partner, officer, director, employee, trustee, agent or otherwise? (Please exclude non *investment-related* activity which is exclusively charitable, civic, religious or fraternal and is recognized as tax exempt.) If YES, Please provide the following details: the name of the other business, whether this business is *investment-related*, the address of the other business, the nature of the other business, your position, title, or relationship with the other business, the start and end dates of your relationship, the approximate number of hours/month devoted to the other business, the number of hours devoted to the other business during securities trading hours, and briefly describe your duties relating to the other business.

○ Yes ⊙ No

_____

Date Month (MM) Day (DD) Year (YYYY)

_____

Signature of *Appropriate Signatory*

_____

Type or Print Name of *Appropriate Signatory*

## U4 - DISCLOSURE QUESTIONS

**IF THE ANSWER TO ANY OF THE FOLLOWING QUESTIONS IS 'YES' AND YOU CANNOT UTILIZE THE CERTIFICATION IN ITEM 23N BELOW, COMPLETE DETAILS OF ALL EVENTS OR PROCEEDINGS ON APPROPRIATE DRP(S)**

### REFER TO THE EXPLANATION OF TERMS SECTION OF FORM U-4 INSTRUCTIONS FOR EXPLANATIONS OF ITALICIZED TERMS.

#### Criminal Disclosure

| | YES | NO |
|---|---|---|
| **23A. (1) Have you ever:** | | |
| (a) been convicted of or pled guilty or nolo contendere ("no contest") in a domestic, foreign, or military court to any *felony*? | ○ | ⊙ |
| (b) been *charged* with any *felony*? | ○ | ⊙ |
| **(2) Based upon activities that occurred while you exercised *control* over it, has an organization ever:** | | |
| (a) been convicted of or pled guilty or nolo contendere ('no contest') in a domestic or foreign court to any *felony*? | ○ | ⊙ |
| (b) been *charged* with any *felony*? | ○ | ⊙ |
| **23B. (1) Have you ever:** | | |
| (a) been convicted of or pled guilty or nolo contendere ("no contest") in a domestic, foreign or military court to a *misdemeanor involving:* investments or an *investment-related* business or any fraud, false statements or omissions, wrongful taking of property, bribery, perjury, forgery, counterfeiting, extortion, or a conspiracy to commit any of these offenses? | ○ | ⊙ |
| (b) been *charged* with a *misdemeanor* specified in 23B(1)(a)? | ○ | ⊙ |

**(2) Based upon activities that occurred while you exercised *control* over it, has an organization ever:**

    (a) been convicted of or pled guilty or nolo contendere ("no contest") in a domestic or foreign court to a *misdemeanor* specified in 23B(1)(a)?    ○   ◉

    (b) been *charged* with a *misdemeanor* specified in 23B(1)(a)?    ○   ◉

### Regulatory Disciplinary Actions

**23C. Has the U.S. Securities and Exchange Commission or the Commodity Futures Trading Commission ever:**      **YES NO**

    (1) *found* you to have made a false statement or omission?    ○   ◉

    (2) *found* you to have been *involved* in a violation of its regulations or statutes?    ○   ◉

    (3) *found* you to have been a cause of an *investment-related* business having its authorization to do business denied, suspended, revoked, or restricted?    ○   ◉

    (4) entered an *order* against you in connection with *investment-related* activity?    ○   ◉

    (5) imposed a civil money penalty on you, or *ordered* you to cease and desist from any activity?    ○   ◉

**23D. Has any other Federal regulatory agency or any state regulatory agency or *foreign financial regulatory authority* ever:**

    (1) *found* you to have made a false statement or omission or been dishonest, unfair or unethical?    ○   ◉

    (2) *found* you to have been *involved* in a violation of *investment-related* regulation(s) or statute(s)?    ○   ◉

    (3) *found* you to have been a cause of an *investment-related* business having its authorization to do business denied, suspended, revoked or restricted?    ○   ◉

    (4) entered an *order* against you in connection with an *investment-related* activity?    ○   ◉

    (5) denied, suspended, or revoked your registration or license or otherwise, by *order*, prevented you from associating with an *investment-related* business or restricted your activities?    ○   ◉

**23E. Has any *self-regulatory organization* or commodities exchange ever:**

    (1) *found* you to have made a false statement or omission?    ○   ◉

    (2) *found* you to have been *involved* in a violation of its rules (other than a violation designated as a "minor rule violation" under a plan approved by the U.S. Securities and Exchange Commission)?    ○   ◉

    (3) *found* you to have been the cause of an *investment-related* business having its authorization to do business denied, suspended, revoked or restricted?    ○   ◉

    (4) disciplined you by expelling or suspending you from membership, barring or suspending your association with its members, or restricting your activities?    ○   ◉

**23F. Has your authorization to act as an attorney, accountant or federal contractor ever been revoked or suspended?**    ○   ◉

**23G. Have you been notified, in writing, that you are now the subject of any:**

    (1) regulatory complaint or *proceeding* that could result in a "yes" answer to any part of 23C, D or E? *(If yes, complete the Regulatory Action Disclosure Reporting Page.)*    ○   ◉

    (2) *investigation* that could result in a "yes" answer to any part of 23A, B, C, D or E? *(If yes, complete the Investigation Disclosure Reporting Page.)*    ○   ◉

### Civil Judicial Actions

**23H. (1) Has any domestic or foreign court ever:**      **YES NO**

    (a) *enjoined* you in connection with any *investment-related* activity?    ○   ◉

(b) *found* that you were *involved* in a violation of any *investment-related* statute(s) or regulation(s)?                                                                    ○  ⊙

(c) dismissed, pursuant to a settlement agreement, an *investment-related* civil action brought against you by a state or *foreign financial regulatory authority*?                 ○  ⊙

**(2) Are you named in any pending *investment-related* civil action that could result in a 'yes' answer to any part of 23H(1)?**                                                ○  ⊙

| Customer Complaints |
|---|

**23I. (1) Have you ever been named as a respondent/defendant in an *investment-related*, consumer-initiated arbitration or civil litigation which alleged that you were *involved* in one or more *sales practice violations* and which:**       **YES NO**

(a) is still pending; or;                                                          ○  ⊙

(b) resulted in an arbitration award or civil judgment against you, regardless of amount, or;      ○  ⊙

(c) was settled for an amount of $10,000 or more?                                  ○  ⊙

**(2) Have you ever been the subject of an *investment-related*, consumer-initiated complaint, not otherwise reported under question 23I(1) above, which alleged that you were *involved* in one or more *sales practice violations*, and which complaint was settled for an amount of $10,000 or more?**            ○  ⊙

**(3) Within the past twenty four (24) months, have you been the subject of an *investment-related*, consumer-initiated, written complaint, not otherwise reported under question 23I(1) or (2) above, which:**

(a) alleged that you were *involved* in one or more *sales practice violations* and contained a claim for compensatory damages of $5,000 or more (if no damage amount is alleged, the complaint must be reported unless the firm has made a good faith determination that the damages from the alleged conduct would be less than $5,000), or;                                ○  ⊙

(b) alleged that you were *involved* in forgery, theft, misappropriation or conversion of funds or securities?                                                             ○  ⊙

| Terminations |
|---|

**23J. Have you ever voluntarily *resigned*, been discharged or permitted to *resign* after allegations were made that accused you of:**                                      **YES NO**

(1) violating *investment-related* statutes, regulations, rules, or industry standards of conduct?    ○  ⊙

(2) fraud or the wrongful taking of property?                                        ○  ⊙

(3) failure to supervise in connection with *investment-related* statutes, regulations, rules or industry standards of conduct?                                                    ○  ⊙

| Financial |
|---|

**23K. Within the past 10 years:**                                                    **YES NO**

(1) have you made a compromise with creditors, filed a bankruptcy petition or been the subject of an involuntary bankruptcy petition?                                           ○  ⊙

(2) based upon events that occurred while you exercised *control* over it, has an organization made a compromise with creditors, filed a bankruptcy petition or been the subject of an involuntary bankruptcy petition?                                                           ○  ⊙

(3) based upon events that occurred while you exercised *control* over it, has a broker or dealer been the subject of an involuntary bankruptcy petition, or had a trustee appointed, or had a direct payment procedure initiated under the Securities Investor Protection Act?      ○  ⊙

**23L. Has a bonding company ever denied, paid out on, or revoked a bond for you?**       ○  ⊙

**23M. Do you have any unsatisfied judgments or liens against you?**    ○  ◉

_____

(MM DD YYYY)

_____

Signature of Applicant

_____

Type or Print Name of Applicant

_____

(MM DD YYYY)

_____

Signature of *Appropriate Signatory*

_____

Type or Print Name of *Appropriate Signatory*

## U4 - SIGNATURE

1. I swear or affirm that I have read and understand the Items and Instructions on this form and that my answers (including attachments) are true and complete to the best of my knowledge. I understand that I am subject to administrative, civil or criminal penalties if I give false or misleading answers.

2. I apply for registration with the *jurisdictions* and *SROs* indicated in Item 11 as may be amended from time to time and, in consideration of the *jurisdictions* and *SROs* receiving and considering my application, I submit to the authority of the *jurisdictions* and *SROs* and agree to comply with all provisions, conditions and covenants of the statutes, constitutions, certificates of incorporation, by-laws and rules and regulations of the *jurisdictions* and *SROs* as they are or may be adopted, or amended from time to time. I further agree to be subject to and comply with all requirements, rulings, orders, directives and decisions of, and penalties, prohibitions and limitations imposed by the *jurisdictions* and *SROs*, subject to right of appeal or review as provided by law.

3. I agree that neither the *jurisdictions* or *SROs* nor any person acting on their behalf shall be liable to me for action taken or omitted to be taken in official capacity or in the scope of employment, except as otherwise provided in the statutes, constitutions, certificates of incorporation, by-laws or the rules and regulations of the *jurisdictions* and *SROs*.

4. I authorize the *jurisdictions* and *SROs* to give any information they may have concerning me to any employer or prospective employer, any federal, state or municipal agency, or any other *SRO* and I release the *jurisdictions* and *SROs* and any person acting on their behalf from any and all liability of whatever nature by reason of furnishing such information.

5. I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the *SROs* indicated in Item 11 as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent *jurisdiction*.

6. For the purpose of complying with the laws relating to the offer or sale of securities or commodities, I irrevocably appoint the administrator of each *jurisdiction* indicated in Item 11 as may be amended from time to time, or such other person designated by law, and the successors in such office, my attorney upon whom may be served any notice, process, pleading, subpoena or other document in any action or *proceeding* against me arising out of or in connection with the offer or sale of securities or commodities, or out of the violation or alleged violation of the laws of such *jurisdictions*. I consent that any such action or *proceeding*

against me may be commenced in any court of competent *jurisdiction* and proper venue by service of process upon the appointee as if I were a resident of, and had been lawfully served with process in, the *jurisdiction*. I request that a copy of any notice, process, pleading, subpoena or other document served hereunder be mailed to my current residential address as reflected in this form or any amendment thereto.

7.  I consent that the service of any process, pleading, subpoena, or other document in any *investigation* or administrative *proceeding* conducted by the SEC, CFTC or a *jurisdiction* or in any civil action in which the SEC, CFTC or a *jurisdiction* are plaintiffs, or the notice of any *investigation* or *proceeding* by any *SRO* against the applicant, may be made by personal service or by regular, registered or certified mail or confirmed telegram to me at my most recent business or home address as reflected in this Form U-4, or any amendment thereto, by leaving such documents or notice at such address, or by any other legally permissible means.

    I further stipulate and agree that any civil action or administrative *proceeding* instituted by the SEC, CFTC or a *jurisdiction* may be commenced by the service of process as described herein, and that service of an administrative subpoena shall be effected by such service, and that service as aforesaid shall be taken and held in all courts and administrative tribunals to be valid and binding as if personal service thereof had been made. *[System Note: Due to a form conversion error, the preceding sentence was omitted from the electronic version of this Form U-4 for filings made through Web CRD from August 16, 1999 to October 13, 2000.]*

8.  I authorize all my employers and any other person to furnish to any *jurisdiction*, SRO, employer, prospective employer, or any agent acting on its behalf, any information they have, including my creditworthiness, character, ability, business activities, educational background, general reputation, history of my employment and, in the case of former employers, complete reasons for my termination. Moreover, I release each employer, former employer and each other person from any and all liability, of whatever nature, by reason of furnishing any of the above information, including that information reported on the Uniform Termination Notice for Securities Industry Registration (Form U-5). I recognize that I may be the subject of an investigative consumer report and waive any requirement of notification with respect to any investigative consumer report ordered by any *jurisdiction, SRO,* employer, or prospective employer. I understand that I have the right to request complete and accurate disclosure by the *jurisdiction, SRO,* employer or prospective employer of the nature and scope of the requested investigative consumer report.

9.  I understand and certify that the representations in this form apply to all employers with whom I seek registration as indicated in Items 4 and 10 of this form. I agree to update this form by causing an amendment to be filed on a timely basis whenever changes occur to answers previously reported. Further, I represent that, to the extent any information previously submitted is not amended, the information provided in this form is currently accurate and complete.

10. I authorize any employer or prospective employer to file electronically on my behalf any information required in this form or any amendment thereto; I certify that I have reviewed and approved the information to be submitted to any *jurisdiction* or *SRO* on this Form U-4 Application; I agree that I will review and approve all disclosure information that will be filed electronically on my behalf; I further agree to waive any objection to the admissibility of the electronically filed records in any criminal, civil, or administrative *proceeding*.

Applicant or applicant's agent has typed applicant's name under this section to attest to the completeness and accuracy of this record. The applicant recognizes that this typed name constitutes, in every way, use or aspect, his or her legally binding signature.

(All applicants must execute this page.)

**Date (MM/DD/YYYY)**  
10/28/1999

**Signature of Applicant**  
DOREEN BENSON  
**Signature** _____

**THE FIRM MUST COMPLETE THE FOLLOWING:**

To the best of my knowledge and belief, the applicant is currently bonded where required, and, at the time of approval, will be familiar with the statutes, constitution(s), rules and by-laws of the agency, *jurisdiction* or *SRO* with which this application is being filed, and the rules governing registered persons, and will be fully qualified for the position for which application is being made herein. I agree that, notwithstanding the approval of such agency, *jurisdiction* or *SRO* which hereby is requested, I will not employ the applicant in the capacity stated herein without first receiving the approval of any authority that may be required by law.

This firm has communicated with all of the applicant's previous employers for the past three years and has documentation on file with the names of the persons contacted and the date of contact. In addition, I have taken appropriate steps to verify the accuracy and completeness of the information contained in and with this application.

I have provided the applicant an opportunity to review the information contained herein and the applicant has approved this information and signed the Form U-4.

*The appropriate signatory area* **must** *be completed on all initial, amendment or Temporary Registration filings.*

The *appropriate signatory* area for Page 1 or Page 2 amendments consists of the date, signature and name lines below.

The *applicant* and *appropriate signatory* areas for Page 3 amendments consist of the date, signature and name lines for the *appropriate signatory* below and the date, signature and name lines for the *applicant* above.

The *applicant* and *appropriate signatory* areas for Initial or Temporary Registration filings consist of the date, signature and name lines for the *appropriate signatory* below, together with the attestations that precede such lines, and the date, signature and name lines for the *applicant* above, together with the ten (10) numbered attestations that precede such lines for the *applicant*. For a Temporary Registration, *applicant* must also execute the Temporary Registration Acknowledgement.

| Date (MM/DD/YYYY) | Signature of Appropriate Signatory |
|---|---|
| 10/28/1999 | EMMANUELLDE DECOSTA |
| | Signature _____ |

| **U4 - CRIMINAL DRP** |
|---|
| No Information Filed |

| **U4 - REGULATORY ACTION DRP** |
|---|
| No Information Filed |

| **U4 - CIVIL JUDICIAL DRP** |
|---|
| No Information Filed |

| **U4 - CUSTOMER COMPLAINT DRP** |
|---|
| No Information Filed |

| **U4 - TERMINATION DRP** |
|---|
| No Information Filed |

| **U4 - INVESTIGATION DRP** |
|---|
| No Information Filed |

| **U4 - BANKRUPTCY DRP** |
|---|
| No Information Filed |

**U4 - BOND DRP**

No Information Filed

**U4 - JUDGMENT LIEN DRP**

No Information Filed

## KRAMER LEVIN NAFTALIS & FRANKEL LLP

### 919 THIRD AVENUE

### NEW YORK, N.Y. 10022 - 3852

STEVEN M. KNECHT
ASSOCIATE
*TEL*  (212) 715-9427
*FAX*  (212) 715-8041
sknecht@kramerlevin.com

PARIS
47, AVENUE HOCHE 75008
*TEL* (33-1) 44 09 46 00
*FAX* (33-1) 44 09 46 01

October 19, 2004

BY FACSIMILE AND FIRST CLASS MAIL

Lewis D. Thompson, Esq.
P.O. Box 403
Summit, New Jersey 07902-0403

      Re:    Doreen Benson v. Lehman Brothers Inc.
               SDNY No. 04 Civ. 7323 (DLC)

Dear Lewis:

        We represent Lehman Brothers Inc. ("Lehman") with regard to the above-referenced action. We have obtained a copy of Ms. Benson's complaint filed with the United States District Court for the Southern District of New York. Lehman has yet to be served with a copy of the complaint, a fact which you confirmed during our telephone conversation yesterday.

        As I informed you during our telephone conversation, the claims asserted in Ms. Benson's complaint are subject to arbitration pursuant to an arbitration agreement between Ms. Benson and Lehman. Specifically, by signing Lehman's Application for Employment in 1997 (copy enclosed), Ms. Benson agreed that

> any controversy arising out of or in connection with [her] compensation, employment or termination of employment with Lehman . . . shall be submitted to arbitration before the National Association of Securities Dealers, Inc., the New York Stock Exchange, Inc. or the American Stock Exchange Inc. and be resolved in accordance with the rules, then in effect, of such entities. . . . This provision applies (but is not limited) to any claims or actions under Title VII, the ADA the ADEA or any other federal, state or local discrimination laws.

        The virtually identical clause has been enforced by the Court before which Ms. Benson's claims were brought. See, e.g., Mahant v. Lehman Brothers, No. 99 Civ. 4421 (MBM), 2000 WL 1738399 (S.D.N.Y. Nov. 22, 2000), appeal dismissed, 32 Fed.Appx. 598, 2002 WL 480552 (2d Cir. Mar. 29, 2002) (unpublished decision); Litaker v. Lehman Brothers

*Affiliate: Studio Santa Maria*
*Milan * Rome*

*Alliance: Berwin Leighton Paisner*
*London * Brussels*

Lewis D. Thompson, Esq.
October 19, 2004
Page 2

Holdings, Inc., No. 97 Civ. 1607 (DC) 1999 WL 619638 (S.D.N.Y. Aug. 16, 1999); Ahing v.
Lehman Brothers Inc., No. 94 Civ. 9027 (CSH), 1997 WL 634290 (S.D.N.Y. Oct. 15, 1997).[1]

   Please contact me at the above number as soon as possible to let us know whether
you will voluntarily withdraw your client's complaint so as to avoid a motion to compel
arbitration after the complaint is served on Lehman.

   I look forward to hearing from you soon.

      Very truly yours,

      Steven M. Knecht

Enclosure

cc:  Kevin B. Leblang, Esq. (w/ encl.)

---

[1]  In addition, by virtue of executing a Form U-4, Ms. Benson also agreed to arbitrate each
of her claims other than her statutory discrimination claims.

# LEHMAN BROTHERS

## Application For Employment

*AS AN EQUAL OPPORTUNITY EMPLOYER, OUR FIRM POLICY AS WELL AS FEDERAL, STATE AND CITY LAWS PROHIBITS DISCRIMINATION IN EMPLOYMENT BASED ON RACE, COLOR, SEX, NATIONAL ORIGIN, AGE, RELIGION, MARITAL STATUS OR DISABILITY.*

Date of Application: 10/22/97

| | | |
|---|---|---|
| Last Name: Benson | First Name: Doreen | Middle Name: 2 |
| Present Address: 401 E 88th St NY NY | Street | Apt. No. 7D |
| City | State | ZIP Code 10128 |

Social Security No.: REDACTED
Telephone No.: 212-722-9507
If under 18, do you have working papers? ☐ Yes ☐ No

Are you either a U.S. citizen or an alien legally authorized to work in the U.S.? ☑ Yes ☐ No
If you answer "yes" and are offered employment by our firm, you must complete the I-9 form required by the U.S. Immigration and Naturalization Service, and provide documentation to verify your identity and eligibility to work in the U.S. no later than three (3) business days after your date of hire.

Position Applied For:
Referred by:

Special Skills and/or Abilities:

### EMPLOYMENT HISTORY

List below all present and past employers for the past 10 years, *beginning with your most recent position.* Attach additional sheets if necessary.

| From/To Dates | Company Name, Type of Business and Address | Salary | Position and Description of Duties | Reason for Leaving | Supervisor |
|---|---|---|---|---|---|
| From 4/82 To 10/96 ☐ Full Time ☐ Part Time | Company: Xerox Corp<br>Type of Business:<br>Address: Rochester, NY | Starting Salary:<br>Present/Last Salary: | Position:<br>Description of Duties: Sales | A careers | Supervisor's Name and Title: Sandy Brown<br>Telephone No.: 2 |
| From 10/96 To Now ☑ Full Time ☐ Part Time | Company: Merrill Lynch<br>Type of Business: Brokerage<br>Address: | Starting Salary:<br>Ending Salary: | Position: Broker<br>Description of Duties: Sales | Better oppor | Supervisor's Name and Title: Mae Deford<br>Telephone No.: |
| From To ☐ Full Time ☐ Part Time | Company:<br>Type of Business:<br>Address: | Starting Salary:<br>Ending Salary: | Position:<br>Description of Duties: | | Supervisor's Name and Title:<br>Telephone No.: |
| From To ☐ Full Time ☐ Part Time | Company:<br>Type of Business:<br>Address: | Starting Salary:<br>Ending Salary: | Position:<br>Description of Duties: | | Supervisor's Name and Title:<br>Telephone No.: |
| From To ☐ Full Time ☐ Part Time | Company:<br>Type of Business:<br>Address: | Starting Salary:<br>Ending Salary: | Position:<br>Description of Duties: | | Supervisor's Name and Title:<br>Telephone No.: |

### EDUCATION

| High School Name and Address | Course of Study | Other Education/Name and Address | Course of Study |
|---|---|---|---|
| Chatham twp Hs | Highest Grade Completed | Columbia Univ | 6S. |
| College Name and Address: Univ. of Tampa | Major: Criminology<br>Minor: Psychology & Soc.<br>Degree Received: BS | | |

### REF.

IF EMPLOYED BY LEHMAN BROTHERS INC. OR ITS AFFILIATES, YOU MAY BE ASKED TO BRING IN THREE LETTERS OF REFERENCE FROM INDIVIDUALS WHO CAN ACCOUNT FOR PERIODS OF UNEMPLOYMENT AND SELF-EMPLOYMENT AS INDICATED ABOVE.

LBF 3022 (3/97) (PRT. 9/97)

*THE REVERSE SIDE OF THIS APPLICATION MUST ALSO BE COMPLETED*

Have you ever been convicted of or pleaded guilty or nolo contendre ("no contest") to a crime of any kind other than minor traffic violations? *Minor traffic violations include parking tickets and other non-moving violations in addition to speeding and similar moving violations. "Driving while intoxicated" is not a minor traffic violation. (This information is being sought based on NYSE and bonding requirements as well as federal regulations. Applicants will not be summarily rejected because of a conviction record. Applicants with a conviction record who have been denied employment may request a written explanation concerning the denial.)   ☐ Yes ☑ No

Have you ever had a gap in your employment history of 6 months or greater?   ☐ Yes ☑ No

Have you ever been employed by Lehman Brothers Inc. ("Lehman") or any of its subsidiaries, parents, affiliates or predecessor firms?   ☐ Yes ☑ No

Have you ever been suspended, expelled or otherwise disciplined or penalized by any federal, state or foreign financial regulatory body or by any financial self-regulatory organization, exchange or association, or been denied membership therein, or ever withdrawn your application to such membership?   ☐ Yes ☑ No

Have you ever been associated with any broker-dealer, as a director, investment advisor, controlling stockholder, partner, officer, employee or some other representative which has been, or a principal of which has been suspended or expelled from any financial exchange or registered association, or was refused membership therein or withdrew an application for membership, or whose registration as a broker-dealer with the SEC or any state or agency has been denied, suspended, or revoked?   ☐ Yes ☑ No

Are you now subject to an order of the NASD or any national securities exchange?   ☐ Yes ☑ No

Have you ever been named as a "cause" or party in any action mentioned in the preceding questions taken with respect to a broker-dealer?   ☐ Yes ☑ No

Has any permanent or temporary injunction ever been entered against you?   ☐ Yes ☑ No

In your previous business connections or employment in any capacity, have transactions under your attention ever been the subject of complaint or regulatory proceeding?   ☐ Yes ☑ No

Are you now or have you ever been subject to an order of the SEC or any other regulatory agency or association which bars or suspends you from becoming associated with a broker-dealer?   ☐ Yes ☑ No

*If you have answered "YES" to any of the above, please supply additional information as to the reason(s) for the positive response(s) on a separate page.*

**Representation By Applicant**

I understand that any employment by Lehman Brothers Inc. or its affiliated companies (collectively, "Lehman") is conditioned upon positive responses from my references, bonding eligibility, continued adherence to Lehman's policies and procedures, applicable rules and regulations and job performance satisfactory at all times to Lehman.

I consent to take any pre or post-employment examinations as may be required by Lehman, including but not limited to medical, physical and fingerprinting and release Lehman from any liability that may arise from such examination.

I authorize an inquiry to be made on the information contained on this application. Upon written request, the nature and the scope of this inquiry will be made available to me. Former employers named on this application are authorized to give information about me and I release them from all liability for issuing such information. I further authorize Lehman to contact any of my former employers to verify the information I have provided and inquire as to my work history.

I understand that my status is that of an employee at will, meaning that I have no contractual right, express or implied, to remain in Lehman's employ. In consideration of my employment, I specifically agree that my employment or the terms and conditions thereof including compensation, can be changed or terminated with or without cause, and with or without notice, at any time, at the option of Lehman.

In connection with this application for employment with Lehman, I have been informed by Lehman and I understand that, as part of regular employment procedures for employment, promotion, reassignment, or retention as an employee, a consumer report and/or investigative consumer report, including information as to my character, past employment, credit worthiness, general reputation and personal characteristics may be made. I understand that I have the right to make a written request, within a reasonable period of time, for a complete and accurate disclosure of the nature and scope of the investigation requested. I authorize the furnishing of a report concerning my credit worthiness and other information permitted by state and federal laws and agree to hold all persons harmless with respect to any information they may give, receive, or publish.

I hereby attest and warrant that all my answers on this application as well as on all forms completed in conjunction with my employment are true and accurate. I understand that any misrepresentation of facts, failure to disclose information required on this application or material change in any information provided which is not reported to Human Resources shall be cause for dismissal regardless of when discovered by Lehman.

I agree that all work product developed during my employment at Lehman is the property of Lehman and no attempt will be made to deliver or utilize said work product for any purpose other than the benefit of Lehman. I understand that all records, including copies, are property of Lehman and may only be taken upon request of Lehman. I further agree that Lehman has the sole exclusive right to patent, copyright or otherwise protect its proprietary interest in such work product without any such further consent on my part.

**I hereby agree that any controversy arising out of or in connection with my compensation, employment or termination of employment with Lehman Brothers Inc. or any of its affiliated companies, shall be submitted to arbitration before the National Association of Securities Dealers, Inc., the New York Stock Exchange, Inc. or the American Stock Exchange Inc. and be resolved in accordance with the rules, then in effect, of such entities. In the event I fail to abide by these terms, this section shall in no way limit or impair the Firm's other legal rights, including the right to enforce said provisions in a court of competent jurisdiction. This provision applies (but is not limited) to any claims or actions under Title VII, the ADA, the ADEA or any other federal, state or local discrimination laws.**

| Signature of Applicant | Date |
|---|---|
| *[signature]* | 10·24·97 |

KRAMER LEVIN NAFTALIS & FRANKEL LLP

919 THIRD AVENUE

NEW YORK, N.Y. 10022 - 3852

STEVEN M. KNECHT
ASSOCIATE
*TEL* (212) 715-9427
*FAX* (212) 715-8041
sknecht@kramerlevin.com

PARIS
47, AVENUE HOCHE 75008
*TEL* (33-1) 44 09 46 00
*FAX* (33-1) 44 09 46 01

January 10, 2005

**BY FIRST CLASS MAIL**

Lewis D. Thompson, Esq.
P.O. Box 403
Summit, New Jersey 07902-0403

**BY FEDERAL EXPRESS**

Lewis D. Thompson, Esq.
105 New England Avenue
Suite K-7
Summit, New Jersey 07901

Re:     Doreen Benson v. Lehman Brothers Inc.
        SDNY No. 04 Civ. 7323 (DLC)

Dear Lewis:

As you are aware, we represent Lehman Brothers Inc. ("Lehman") with regard to the above-referenced action. I enclose another copy of the letter faxed and mailed to you on October 19, 2004 (a copy of the fax confirmation is also enclosed).

The claims asserted in Ms. Benson's complaint are clearly subject to arbitration pursuant to an arbitration agreement between Ms. Benson and Lehman. Please contact me at the above number as soon as possible to let us know whether you will voluntarily withdraw your client's complaint so as to avoid a motion to compel arbitration. As I indicated in our telephone conversation today, Lehman reserves all of its rights to seek attorneys' fees and costs incurred in connection with any such motion.

Very truly yours,

Steven M. Knecht

Enclosure

cc:     Kevin B. Leblang, Esq. (w/ encl.)

KRAMER LEVIN NAFTALIS & FRANKEL LLP

919 THIRD AVENUE

NEW YORK, N.Y. 10022 - 3852

STEVEN M. KNECHT
ASSOCIATE
TEL  (212) 715-9427
FAX  (212) 715-8041
sknecht@kramerlevin.com

PARIS
47, AVENUE HOCHE 75008
TEL (33-1) 44 09 46 00
FAX (33-1) 44 09 46 01

October 19, 2004

BY FACSIMILE AND FIRST CLASS MAIL

Lewis D. Thompson, Esq.
P.O. Box 403
Summit, New Jersey 07902-0403

    Re:    Doreen Benson v. Lehman Brothers Inc.
               SDNY No. 04 Civ. 7323 (DLC)

Dear Lewis:

        We represent Lehman Brothers Inc. ("Lehman") with regard to the above-referenced action. We have obtained a copy of Ms. Benson's complaint filed with the United States District Court for the Southern District of New York. Lehman has yet to be served with a copy of the complaint, a fact which you confirmed during our telephone conversation yesterday.

        As I informed you during our telephone conversation, the claims asserted in Ms. Benson's complaint are subject to arbitration pursuant to an arbitration agreement between Ms. Benson and Lehman. Specifically, by signing Lehman's Application for Employment in 1997 (copy enclosed), Ms. Benson agreed that

> any controversy arising out of or in connection with [her] compensation, employment or termination of employment with Lehman . . . shall be submitted to arbitration before the National Association of Securities Dealers, Inc., the New York Stock Exchange, Inc. or the American Stock Exchange Inc. and be resolved in accordance with the rules, then in effect, of such entities. . . . This provision applies (but is not limited) to any claims or actions under Title VII, the ADA the ADEA or any other federal, state or local discrimination laws.

        The virtually identical clause has been enforced by the Court before which Ms. Benson's claims were brought. See, e.g., Mahant v. Lehman Brothers, No. 99 Civ. 4421 (MBM), 2000 WL 1738399 (S.D.N.Y. Nov. 22, 2000), appeal dismissed, 32 Fed.Appx. 598, 2002 WL 480552 (2d Cir. Mar. 29, 2002) (unpublished decision); Litaker v. Lehman Brothers

KRAMER LEVIN NAFTALIS & FRANKEL LLP

Lewis D. Thompson, Esq.
October 19, 2004
Page 2


Holdings, Inc., No. 97 Civ. 1607 (DC) 1999 WL 619638 (S.D.N.Y. Aug. 16, 1999); Ahing v.
Lehman Brothers Inc., No. 94 Civ. 9027 (CSH), 1997 WL 634290 (S.D.N.Y. Oct. 15, 1997).[1]

      Please contact me at the above number as soon as possible to let us know whether
you will voluntarily withdraw your client's complaint so as to avoid a motion to compel
arbitration after the complaint is served on Lehman.

      I look forward to hearing from you soon.

          Very truly yours,

          Steven M. Knecht


Enclosure

cc:    Kevin B. Leblang, Esq. (w/ encl.)

---

[1]    In addition, by virtue of executing a Form U-4, Ms. Benson also agreed to arbitrate each
of her claims other than her statutory discrimination claims.

# LEHMAN BROTHERS

## Application For Employment

*AS AN EQUAL OPPORTUNITY EMPLOYER, OUR FIRM POLICY AS WELL AS FEDERAL, STATE AND CITY LAWS PROHIBITS DISCRIMINATION IN EMPLOYMENT BASED ON RACE, COLOR, SEX, NATIONAL ORIGIN, AGE, RELIGION, MARITAL STATUS OR DISABILITY.*

Date of Application: 10/22/97

| Last Name | Benson | First Name | Doreen | Middle Name | 2 | Social Security No. REDACTED | Are you either a U.S. citizen or an alien legally authorized to work in the U.S.? ☑Yes ☐No |
|---|---|---|---|---|---|---|---|

Present Address: 401 E 88th St NY NY
Apt. No. 7D
Telephone No. 212 722-7707

City — State — ZIP Code 10128

If under 18, do you have working papers? ☐Yes ☐No

*If your answer "yes" and are offered employment by our firm, you must complete the I-9 form required by the U.S. Immigration and Naturalization Service, and provide documentation to verify your identity and eligibility to work in the U.S. no later than three (3) business days after your date of hire.*

Position Applied For:

Referred by:

Special Skills and/or Abilities:

List below all present and past employers for the past 10 years, beginning with your most recent position. Attach additional sheets if necessary.

| From/To Dates | Company Name, Type of Business and Address | Salary | Position and Description of Duties | Reason for Leaving | Supervisor |
|---|---|---|---|---|---|
| From (Mo./Yr.) 4/82 To (Mo./Yr.) 10/96 — ☐Full Time ☐Part Time | Company: Xerox Corp — Type of Business: — Address: Rochester, NY | Starting Salary: — Present/Last Salary: | Position: — Description of Duties: Sales | A Careers | Supervisor's Name and Title: Sandy Brown — Telephone No. 2 |
| From (Mo./Yr.) 10/96 To (Mo./Yr.) Now — ☑Full Time ☐Part Time | Company: Merrill Lynch — Type of Business: Brokerage — Address: | Starting Salary: — Ending Salary: | Position: Broker — Description of Duties: Sales | Better offer | Supervisor's Name and Title: Mae Deford — Telephone No. |
| From (Mo./Yr.) To (Mo./Yr.) — ☐Full Time ☐Part Time | Company: — Type of Business: — Address: | Starting Salary: — Ending Salary: | Position: — Description of Duties: | | Supervisor's Name and Title: — Telephone No. |
| From (Mo./Yr.) To (Mo./Yr.) — ☐Full Time ☐Part Time | Company: — Type of Business: — Address: | Starting Salary: — Ending Salary: | Position: — Description of Duties: | | Supervisor's Name and Title: — Telephone No. |
| From (Mo./Yr.) To (Mo./Yr.) — ☐Full Time ☐Part Time | Company: — Type of Business: — Address: | Starting Salary: — Ending Salary: | Position: — Description of Duties: | | Supervisor's Name and Title: — Telephone No. |

**EMPLOYMENT HISTORY**

**EDUCATION**

| High School Name and Address | Course of Study | Other Education/Name and Address | Course of Study |
|---|---|---|---|
| Chatham twp Hs | Highest Grade Completed | Columbia Univ | GS. |
| College Name and Address: Univ. of Tampa | Major: Criminology — Minor: Psychology + Soc. — Degree Received: BS | | |

IF EMPLOYED BY LEHMAN BROTHERS INC. OR ITS AFFILIATES, YOU MAY BE ASKED TO BRING IN THREE LETTERS OF REFERENCE FROM INDIVIDUALS WHO CAN ACCOUNT FOR PERIODS OF UNEMPLOYMENT AND SELF-EMPLOYMENT AS INDICATED ABOVE.

LBF 3022 (3/97) (PBT. 9/97)

**THE REVERSE SIDE OF THIS APPLICATION MUST ALSO BE COMPLETED**

Have you ever been convicted of or pleaded guilty or nolo contendre ("no contest") to a crime of any kind other than minor traffic violations? *Minor traffic violations include parking tickets and other non-moving violations in addition to speeding and similar moving violations. "Driving while intoxicated" is not a minor traffic violation. (This information is being sought based on NYSE and bonding requirements as well as federal regulations. Applicants will not be summarily rejected because of a conviction record. Applicants with a conviction record who have been denied employment may request a written explanation concerning the denial.)    ☐ Yes  ☑ No

Have you ever had a gap in your employment history of 6 months or greater?    ☐ Yes  ☑ No

Have you ever been employed by Lehman Brothers Inc. ("Lehman") or any of its subsidiaries, parents, affiliates or predecessor firms?    ☐ Yes  ☑ No

Have you ever been suspended, expelled or otherwise disciplined or penalized by any federal, state or foreign financial regulatory body or by any financial self-regulatory organization, exchange or association, or been denied membership therein, or ever withdrawn your application to such membership?    ☐ Yes  ☑ No

Have you been associated with any broker-dealer, as a director, investment advisor, controlling stockholder, partner, officer, employee or some other representative which has been, or a principal of which has been suspended or expelled from any financial exchange or registered association, or was refused membership therein or withdrew an application for membership, or whose registration as a broker-dealer with the SEC or any state or agency has been denied, suspended, or revoked?    ☐ Yes  ☑ No

Are you now subject to an order of the NASD or any national securities exchange?    ☐ Yes  ☑ No

Have you ever been named as a "cause" or party in any action mentioned in the preceding questions taken with respect to a broker-dealer?    ☐ Yes  ☑ No

Has any permanent or temporary injunction ever been entered against you?    ☐ Yes  ☑ No

In your previous business connections or employment in any capacity, have transactions under your attention ever been the subject of complaint or regulatory proceeding?    ☐ Yes  ☑ No

Are you now or have you ever been subject to an order of the SEC or any other regulatory agency or association which bars or suspends you from becoming associated with a broker-dealer?    ☐ Yes  ☑ No

*If you have answered "YES" to any of the above, please supply additional information as to the reason(s) for the positive response(s) on a separate page.*

**Representation By Applicant**

I understand that any employment by Lehman Brothers Inc. or its affiliated companies (collectively, "Lehman") is conditioned upon positive responses from my references, bonding eligibility, continued adherence to Lehman's policies and procedures, applicable rules and regulations and job performance satisfactory at all times to Lehman.

I consent to take any pre or post-employment examinations as may be required by Lehman, including but not limited to medical, physical and fingerprinting and release Lehman from any liability that may arise from such examination.

I authorize an inquiry to be made on the information contained on this application. Upon written request, the nature and the scope of this inquiry will be made available to me. Former employers named on this application are authorized to give information about me and I release them from all liability for issuing such information. I further authorize Lehman to contact any of my former employers to verify the information I have provided and inquire as to my work history.

I understand that my status is that of an employee at will, meaning that I have no contractual right, express or implied, to remain in Lehman's employ. In consideration of my employment, I specifically agree that my employment or the terms and conditions thereof including compensation, can be changed or terminated with or without cause, and with or without notice, at any time, at the option of Lehman.

In connection with this application for employment with Lehman, I have been informed by Lehman and I understand that, as part of regular employment procedures for employment, promotion, reassignment, or retention as an employee, a consumer report and/or investigative consumer report, including information as to my character, past employment, credit worthiness, general reputation and personal characteristics may be made. I understand that I have the right to make a written request, within a reasonable period of time, for a complete and accurate disclosure of the nature and scope of the investigation requested. I authorize the furnishing of a report concerning my credit worthiness and other information permitted by state and federal laws and agree to hold all persons harmless with respect to any information they may give, receive, or publish.

I hereby attest and warrant that all my answers on this application as well as on all forms completed in conjunction with my employment are true and accurate. I understand that any misrepresentation of facts, failure to disclose information required on this application or material change in any information provided which is not reported to Human Resources shall be cause for dismissal regardless of when discovered by Lehman.

I agree that all work product developed during my employment at Lehman is the property of Lehman and no attempt will be made to deliver or utilize said work product for any purpose other than the benefit of Lehman. I understand that all records, including copies, are property of Lehman and may only be taken upon request of Lehman. I further agree that Lehman has the sole exclusive right to patent, copyright or otherwise protect its proprietary interest in such work product without any such further consent on my part.

**I hereby agree that any controversy arising out of or in connection with my compensation, employment or termination of employment with Lehman Brothers Inc. or any of its affiliated companies, shall be submitted to arbitration before the National Association of Securities Dealers, Inc., the New York Stock Exchange, Inc. or the American Stock Exchange Inc. and be resolved in accordance with the rules, then in effect, of such entities. In the event I fail to abide by these terms, this section shall in no way limit or impair the Firm's other legal rights, including the right to enforce said provisions in a court of competent jurisdiction. This provision applies (but is not limited) to any claims or actions under Title VII, the ADA, the ADEA or any other federal, state or local discrimination laws.**

| Signature of Applicant | Date |
|---|---|
| *[signature]* | 10·28·97 |

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              3626
CONNECTION TEL                619082770404
SUBADDRESS
CONNECTION ID        ALPHAGRAPICS
ST. TIME             10/19 15:38
USAGE T              01'50
PGS.                     5
RESULT               OK
```

## KRAMER LEVIN NAFTALIS & FRANKEL LLP

### 919 THIRD AVENUE

### NEW YORK NY 10022

### (212) 715-9100

---

## Fax Department: (212) 715-9191

## Fax Number: (212) 715-8000

**FROM:**  Steven M. Knecht          **DATE:**          October 19, 2004
**PHONE:**  (212) 715-9427

## PLEASE DELIVER AS SOON AS POSSIBLE TO:

| RECIPIENT | COMPANY | FAX NO. | PHONE NO. |
|-----------|---------|---------|-----------|
| 1.  Lewis D. Thompson, Esq. | | (908) 277-0404 | (908) 273-0992 |

Total number of pages including this page:  **5**

The documents accompanying this facsimile transmission are intended only for the use of the addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of the communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone. Thank you.

Re:  Doreen Benson v. Lehman Brothers Inc.
      SDNY No. 04 Civ. 7323 (DLC)