UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

DOREEN BENSON,                            :
                                          :
                    Plaintiff,            :
                                          :    04 Civ. 7323 (DLC) (JCF)
          v.                              :
                                          :
LEHMAN BROTHERS INC.,                     :
                                          :
                    Defendant.            :
                                          :
———————————————————— x


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**LEHMAN BROTHERS INC.'S MOTION TO COMPEL ARBITRATION**


KRAMER LEVIN NAFTALIS & FRANKEL LLP
919 THIRD AVENUE
NEW YORK, N.Y. 10022

Table of Contents

Page

TABLE OF AUTHORITIES ................................................................................................ ii

FACTUAL BACKGROUND ...............................................................................................1

ARGUMENT ......................................................................................................................3

I.     PLAINTIFF SHOULD BE COMPELLED TO ARBITRATE HER
CLAIMS PURSUANT TO HER WRITTEN ARBITRATION
AGREEMENT ...............................................................................................3

     A.    The Applicable Legal Standard ....................................................3

     B.    Plaintiff Executed A Binding Arbitration Agreement ..................4

     C.    Plaintiff's Claims Are Within The Scope Of The Arbitration
Agreement .....................................................................................6

     D.    All Of Plaintiff's Claims Are Arbitrable As A Matter Of Law ...................7

II.    PLAINTIFF'S ACTION SHOULD BE DISMISSED OR, IN THE
ALTERNATIVE, STAYED PENDING ARBITRATION .....................................9

CONCLUSION...................................................................................................................10

i

Table of Authorities

Cases                  Page

Ahing v. Lehman Bros. Inc.,
    No. 94 Civ. 9027, 1997 WL 634290 (S.D.N.Y. Oct. 15, 1997) ...............................5

Arakawa v. Japan Network Group,
    56 F. Supp. 2d 349 (S.D.N.Y. 1999) ...................................................................7

Bird v. Shearson Lehman/American Express, Inc.,
    926 F.2d 116 (2d Cir. 1991) ...............................................................................3

Circuit City Stores, Inc. v. Adams,
    532 U.S. 105 (2001)............................................................................................3

Dean Witter Reynolds Inc. v. Byrd,
    470 U.S. 213 (1985)........................................................................................3, 8

DeGaetano v. Smith Barney, Inc.,
    No. 95 Civ. 1613, 1996 WL 44226 (S.D.N.Y. Feb. 5, 1996) ...................................5

Desiderio v. National Ass'n of Sec. Dealers, Inc.,
    191 F.3d 198 (2d Cir. 1999) ...............................................................................7

Gold v. Deutsche Aktiengesellschaft,
    365 F.3d 144 (2d Cir.), cert denied,
    125 S. Ct. 87 (2004)...........................................................................................4

Hart v. Canadian Imperial Bank of Commerce,
    43 F. Supp. 2d 395 (S.D.N.Y. 1999) ...................................................................7

Litaker v. Lehman Bros. Holdings, Inc.,
    No. 97 Civ. 1607, 1999 WL 619638 (S.D.N.Y. Aug. 16, 1999) ..........................5, 7

Mahant v. Lehman Bros.,
    No. 99 Civ. 4421, 2000 WL 1738399 (S.D.N.Y. Nov. 22, 2000).........................4, 5

Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,
    460 U.S. 1 (1983)..............................................................................................6

KL3:2390643.2

Page

O'Donnell v. First Investors Corp.,
    872 F. Supp. 1274 (S.D.N.Y. 1995) ........................................................................8

Oldroyd v. Elmira Sav. Bank, FSB,
    134 F.3d 72 (2d Cir. 1998) .............................................................................. 3-4

Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional de Venezuela,
    991 F.2d 42 (2d Cir. 1993) .................................................................................4

Raiola v. Union Bank of Switzerland, LLC,
    47 F. Supp. 2d 499 (S.D.N.Y. 1999) .............................................................. 9-10

Rand v. J.C. Bradford & Co.,
    No. 98 Civ. 4906, 1998 WL 872421 (S.D.N.Y. Dec. 15, 1998) ................................... 7-8, 10

S.A. Mineracao Da Trindade-Samitri v. Utah Int'l Inc.,
    745 F.2d 190 (2d Cir. 1984) ...............................................................................6

Smith v. Lehman Bros., Inc.,
    No. 95 Civ. 10326, 1996 WL 383232 (S.D.N.Y. July 8, 1996) ................................................5

WorldCrisa Corp. v. Armstrong,
    129 F.3d 71 (2d Cir. 1997) ................................................................................10

Statutes

    9 U.S.C. § 2 ...........................................................................................................3

    9 U.S.C. § 3 .........................................................................................................10

Administrative Materials and Other Authorities

    National Association of Securities Dealers, Inc. Code of
    Arbitration Procedure, Rule 10201 (2004).......................................................9 n.4

    New York Stock Exchange Inc. Department of Arbitration,
    NYSE Constitution & Arbitration Rules, Rule 600 (2003) .............................9 n.4

    Order Granting Approval to Proposed Rule Change Relating to
    the Arbitration of Employment Discrimination Claims, Exchange Act
    Release No. 34-40109, 63 Fed. Reg. 35,299 (June 29, 1998) ...........................9 n.4

KL3:2390643.2

Page

Order Approving Proposed Rule Change by the New York Stock
Exchange, Inc. Relating to Arbitration Rules, Exchange Act
Release No. 34-40858, 68 S.E.C. Docket 2491, 1998 WL 907943
(Dec. 29, 1998) ...............................................................................................9 n.4

KL3:2390643.2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

DOREEN BENSON,                        :
                                      :
                   Plaintiff,         :
                                      :
                                      :   04 Civ. 7323 (DLC) (JCF)
          v.                          :
                                      :
LEHMAN BROTHERS INC.,                 :
                                      :
                   Defendant.         :
                                      :
———————————————————————— x

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
### LEHMAN BROTHERS INC.'S MOTION TO COMPEL ARBITRATION

Defendant Lehman Brothers Inc. ("Lehman") respectfully submits this

memorandum of law in support of its motion, pursuant to the Federal Arbitration Act, 9 U.S.C.

§ 1 et seq., to compel arbitration of plaintiff's claims and either dismiss or stay this action

pending the resolution of those claims in accordance with a written arbitration agreement

between the parties.

### FACTUAL BACKGROUND

Plaintiff commenced her employment with Lehman in November 1997.

Declaration of Steven M. Knecht, dated January 27, 2005 ("Knecht Dec."), Exhibit A

(Complaint), ¶ 5.  Prior to her hire, plaintiff filled out a Lehman Application for Employment.

Knecht Dec., Exhibit B.  The application contained, above the signature line, an arbitration

agreement which provides in relevant part:

> I hereby agree that *any controversy arising out of or in connection*
> *with my compensation, employment or termination of employment*
> *with Lehman Brothers Inc. . . .  shall be submitted to arbitration*
> before the National Association of Securities Dealers, Inc., the
> New York Stock Exchange, Inc. or the American Stock Exchange

Inc. and be resolved in accordance with the rules, then in effect, of such entities. . . . *This provision applies (but is not limited) to any claims or actions under Title VII, the ADA, the ADEA or any other federal, state or local discrimination laws.*

Id. (emphasis supplied).

Lehman terminated plaintiff's employment on or about July 3, 2002. Knecht Dec., Exhibit A, ¶ 7. Despite plaintiff's explicit written promise to submit to arbitration any claims arising out of her employment or termination of employment, plaintiff filed the instant action alleging that she was subjected to gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the New York State and New York City Human Rights Laws (the "State and City Human Rights Laws"). Plaintiff also asserts common law claims for defamation and false light. Each and every one of plaintiff's claims and allegations in the Complaint purportedly arises out of plaintiff's employment with Lehman and the termination of her employment from Lehman. Accordingly, plaintiff's arbitration agreement with Lehman compels arbitration of this entire dispute.[1]

---

[1]     In addition, plaintiff also executed a Form U-4, in which she "agree[d] to arbitrate any dispute, claim or controversy that may arise between [her] and [her] firm, . . . or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the organizations indicated in item 10 [including the NYSE and NASD]." Knecht Dec., Exhibit C (Form U-4) at p. 4, ¶ 5. See also Exhibit D (amended Form U-4) at p. 8, ¶ 5. As explained below, see infra n.4, by virtue of executing a Form U-4, plaintiff also agreed to arbitrate each of her claims other than her statutory discrimination claims.

-2-

ARGUMENT

I.

### PLAINTIFF SHOULD BE COMPELLED TO ARBITRATE HER CLAIMS PURSUANT TO HER WRITTEN ARBITRATION AGREEMENT

The arbitration agreement at issue here is governed by the Federal Arbitration Act ("FAA"), which was designed to "ensure judicial enforcement of privately made agreements to arbitrate." Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 219 (1985). Accordingly, the FAA provides that a written agreement to arbitrate controversies arising out of an existing contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This provision "is a congressional declaration of a liberal federal policy favoring arbitration agreements." Bird v. Shearson Lehman/American Express, Inc., 926 F.2d 116, 119 (2d Cir. 1991) (quoting Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp, 460 U.S. 1, 24 (1983)). The scope of the FAA is broad, and covers arbitration agreements entered into by employer and employee, such as that between plaintiff and Lehman here. See, e.g., Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 119 (2001) (holding, in employment discrimination case, that arbitration clauses of employment agreements, except those of transportation workers, are subject to the FAA).

### A.    The Applicable Legal Standard

In considering a motion to compel arbitration in the Second Circuit, district courts utilize a four-pronged inquiry: (1) whether there is an agreement to arbitrate; (2) the scope of that arbitration agreement; (3) whether the federal statutory claims, if any are asserted, were intended by Congress to be non-arbitrable; and (4) if only some of the claims are subject to arbitration, whether to stay the remainder of the proceedings pending arbitration. Oldroyd v.

-3-

Elmira Sav. Bank, FSB, 134 F.3d 72, 75-76 (2d Cir. 1998) (citing Genesco, Inc. v. T. Kakiuchi

& Co., 815 F.2d 840, 844 (2d Cir. 1987)).  All four prongs of the test are easily met here, and

plaintiff should be required to abide by her agreement and arbitrate her disputes with Lehman.

**B.**      **Plaintiff Executed A Binding Arbitration Agreement**

Plaintiff cannot dispute that she voluntarily entered into a written agreement to

arbitrate the claims asserted before this Court.  Plaintiff signed an employment application,

which specifically provided for arbitration of "any controversy arising out of or in connection

with [plaintiff's] compensation, employment or termination of employment with Lehman."

Knecht Dec., Exhibit B.  "Under New York law, in the absence of fraud or other wrongful

conduct, a party who signs a written contract is conclusively presumed to know its contents and

to assent to them, and he is therefore bound by its terms and conditions." Progressive Cas. Ins.

Co. v. C.A. Reaseguradora Nacional de Venezuela, 991 F.2d 42, 46 (2d Cir. 1993) (citation

omitted).

The Second Circuit and this Court have consistently held that similar or identical

arbitration provisions contained in employment applications, employment agreements, securities

registration applications and employee handbooks constitute written agreements to arbitrate

within the purview of the FAA.  See, e.g., Gold v. Deutsche Aktiengesellschaft, 365 F.3d 144,

148-50 (2d Cir.) (affirming district court's compelling of arbitration of plaintiff's Title VII and

State and City Human Rights Laws claims pursuant to arbitration provision in Form U-4

executed by him in 1995), cert denied, 125 S. Ct. 87 (2004); Mahant v. Lehman Bros., No. 99

Civ. 4421, 2000 WL 1738399, at *3-4 (S.D.N.Y. Nov. 22, 2000) (compelling arbitration of

claims under the Age Discrimination in Employment Act, Title VII, and the State and City

Human Rights Laws due to arbitration agreement within Lehman's employment application);

-4-

Litaker v. Lehman Bros. Holdings, Inc., No. 97 Civ. 1607, 1999 WL 619638, at *1, 6 (S.D.N.Y.

Aug. 16, 1999) (compelling arbitration of gender and race discrimination claims under Title VII

and State and City Human Rights Laws based on arbitration agreement contained in Lehman's

employment application); Ahing v. Lehman Bros. Inc., No. 94 Civ. 9027, 1997 WL 634290, at

*1-3 (S.D.N.Y. Oct. 15, 1997) (compelling arbitration of race discrimination claim due to

arbitration agreement in Lehman's employment application); Smith v. Lehman Bros., Inc., No.

95 Civ. 10326, 1996 WL 383232, at *1-2 (S.D.N.Y. July 8, 1996) (compelling arbitration of

Title VII and Age Discrimination in Employment Act claims pursuant to Lehman's employment

application); DeGaetano v. Smith Barney, Inc., No. 95 Civ. 1613, 1996 WL 44226, at *1-2, 5

(S.D.N.Y. Feb. 5, 1996) (Cote, J.) (compelling arbitration of employee's sex discrimination

claims under Title VII and State and City Human Rights Laws pursuant to employee handbook

and employment agreement).

      Mahant, Litaker, Ahing and Smith are directly on point. In each of these cases,

the district court held that Lehman's employment application -- requiring, as here, the arbitration

of "any controversy arising out of or in connection with [the employee's] compensation,

employment or termination of employment" -- constituted a binding agreement to arbitrate.

Mahant, 2000 WL 1738399, at *1, Litaker, 1999 WL 619638, at *1, 6; Ahing, 1997 WL 634290,

at *1-3; Smith, 1996 WL 383232, at *1-2. The courts accordingly dismissed or stayed each

action and ordered arbitration of plaintiffs' claims. Id. Mahant, Litaker, Ahing and Smith are

indistinguishable from the instant matter and compel the conclusion that by signing Lehman's

employment application, plaintiff agreed to arbitrate any claims arising out of her employment with, or termination from, Lehman.[2]

**C.**    **Plaintiff's Claims Are Within The**
       **Scope Of The Arbitration Agreement**

Consideration of the second prong of the test -- the scope of the arbitration agreement -- further supports Lehman's position that plaintiff's claims should be submitted to arbitration. In light of the strong federal policy favoring arbitration, courts are required "to construe arbitration clauses as broadly as possible" and enforce arbitration agreements "'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" S.A. Mineracao Da Trindade-Samitri v. Utah Int'l Inc., 745 F.2d 190, 194-95 (2d Cir. 1984) (citations omitted). Accordingly, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).

Here, the claims asserted in the Complaint are clearly encompassed by the broad arbitration agreement between the parties. By executing Lehman's employment application, plaintiff agreed to arbitrate: "any controversy arising out of or in connection with [her] compensation, employment or termination of employment with Lehman." Knecht Dec., Exhibit B. Each of plaintiff's discrimination claims under Title VII and the State and City Human Rights Laws, as well as her common law claims, arise out of her employment with,

---

[2]    Prior to its submission of this motion, Lehman requested that plaintiff voluntarily withdraw her complaint. In connection with these efforts, Lehman provided plaintiff with a copy of her employment application, as well as citations to the prior decisions of the Court in Mahant, Litaker, and Ahing. Knecht Dec., Exhibit E (letter from Steven M. Knecht to Lewis D. Thompson, dated October 19, 2004); Exhibit F (letter from Steven M. Knecht to Lewis D. Thompson, dated January 10, 2005). Such efforts were to no avail.

and/or the termination of her employment from, Lehman, and thus are indisputably within the scope of the arbitration agreement's plain and unambiguous language. In fact, the arbitration agreement specifically states that it "applies (but is not limited) to any claims or actions under Title VII . . . or any other federal, state or local discrimination laws." Knecht Dec., Exhibit B. There can be no question that plaintiff's claims are soundly within the scope of the arbitration agreement she executed.

**D.     All Of Plaintiff's Claims Are
        Arbitrable As A Matter Of Law**

It is beyond dispute that discrimination claims asserted under Title VII and the State and City Human Rights Laws are subject to mandatory arbitration when -- as here -- they are encompassed by a valid arbitration agreement. See, e.g., Desiderio v. National Ass'n of Sec. Dealers, Inc., 191 F.3d 198, 204-05 (2d Cir. 1999) (holding that pre-dispute agreement requiring arbitration is enforceable with respect to Title VII claims); Litaker, 1999 WL 619638, at *1, 5-6 (compelling arbitration of plaintiff's sex and race discrimination claims under Title VII, 42 U.S.C. § 1981 and the State and City Human Rights Laws); Arakawa v. Japan Network Group, 56 F. Supp. 2d 349, 351-53 & n.2 (S.D.N.Y. 1999) (compelling arbitration of claims of sexual harassment and unlawful discharge under Title VII and the State and City Human Rights Laws); Rand v. J.C. Bradford & Co., No. 98 Civ. 4906, 1998 WL 872421, at *4 (S.D.N.Y. Dec. 15, 1998) (Cote, J.) (compelling arbitration of employee's sex discrimination claims under Title VII and the State and City Human Rights Laws).

Similarly, it is beyond dispute that in addition to these statutory discrimination claims, plaintiff's common law tort claims are arbitrable by virtue of the arbitration agreement. Hart v. Canadian Imperial Bank of Commerce, 43 F. Supp. 2d 395, 397-98 (S.D.N.Y. 1999) (compelling arbitration of Title VII, age discrimination, and state contract and tort claims); Rand,

1998 WL 872421, at *5 (in addition to sex discrimination claims, compelling arbitration of plaintiff's defamation and retaliatory breach of contract claims); O'Donnell v. First Investors Corp., 872 F. Supp. 1274, 1276-78 (S.D.N.Y. 1995) (former employee required to submit to arbitration claims of fraudulent misrepresentation, interference with contract, and breach of employment contract and breach of good faith because he had signed a Form U-4).[3]

          *                    *                *

In sum, Lehman has established that there is a written arbitration agreement between the parties that encompasses the claims asserted in the instant action. Application of the four-pronged inquiry to the circumstances of this case requires this Court to enforce the arbitration agreement between the parties, order arbitration of plaintiff's claims in accordance with that agreement, and avoid further litigation. Byrd, 470 U.S. at 218 (the FAA "leaves no place for the exercise of discretion . . ., but instead mandates that . . . courts *shall* direct the

---

[3]     Since all of plaintiff's claims are within the scope of her arbitration agreement with Lehman, the Court need not consider the fourth prong of the test.

-8-

parties to proceed to arbitration on issues as to which an arbitration agreement has been signed")

(emphasis in original).[4]

## II.

### PLAINTIFF'S ACTION SHOULD BE DISMISSED OR, IN
### THE ALTERNATIVE, STAYED PENDING ARBITRATION

Where all the claims asserted by a plaintiff are subject to arbitration and none

remain to be resolved by the Court, it is appropriate to, and courts routinely, dismiss the

complaint with leave to reinstate following the completion of the arbitration proceedings if

necessary.  See, e.g., Raiola v. Union Bank of Switzerland, LLC, 47 F. Supp. 2d 499, 506

(S.D.N.Y. 1999) (compelling arbitration and dismissing case without prejudice to its

---

[4]    Indeed, plaintiff also agreed to submit her claims other than statutory discrimination claims to arbitration by virtue of executing a Form U-4.  In the late 1990s, each of the NASD and the NYSE amended their rules governing the arbitrability of statutory discrimination claims.  The NASD amendment "provides that associated persons [such as plaintiff] are no longer required, solely by virtue of their association or their registration with the NASD, to arbitrate claims of statutory employment discrimination."  Order Granting Approval to Proposed Rule Change Relating to the Arbitration of Employment Discrimination Claims, Exchange Act Release No. 34-40109, 63 Fed. Reg. 35,299, at 35,299 (June 29, 1998).  However, (i) statutory discrimination claims are still subject to mandatory arbitration before the NASD pursuant to -- as here -- a *private arbitration agreement* entered into between the parties either before or after the dispute arises; and (ii) all other employment-related claims other than statutory discrimination claims are still subject to mandatory arbitration before the NASD as a result of the Form U-4.  Id. at 35,299, 35,301 & n.22, 35,302, 35,303 & n.52.  See also National Association of Securities Dealers, Inc. Code of Arbitration Procedure, Rule 10201 (2004).

Pursuant to the NYSE amendment, registered employees are not required to arbitrate statutory discrimination claims based solely on their having signed a Form U-4 or having entered into a pre-dispute arbitration agreement with their employers; however, all other employment-related claims are still subject to mandatory arbitration before the NYSE.  Order Approving Proposed Rule Change by the New York Stock Exchange, Inc. Relating to Arbitration Rules, Exchange Act Release No. 34-40858, 68 S.E.C. Docket 2491, 1998 WL 907943, at *1, 2, 3, 6 (Dec. 29, 1998).  See also New York Stock Exchange Inc. Department of Arbitration, NYSE Constitution and Arbitration Rules, Rule 600 (2003).

reinstatement if further proceedings are required following the arbitration); Rand, 1998 WL 872421, at *5 (same).

If the Court is not inclined to dismiss the case, but instead to place it on its suspense calendar, the action should be stayed pending arbitration. 9 U.S.C. § 3. See WorldCrisa Corp. v. Armstrong, 129 F.3d 71, 74 (2d Cir. 1997) ("Under Section 3 of the FAA . . ., a district court 'must stay proceedings if satisfied that the parties have agreed in writing to arbitrate an issue or issues underlying the district court proceeding.'") (citation omitted).

## CONCLUSION

For all of the foregoing reasons, defendant Lehman Brothers Inc. respectfully requests that the Court enter an order: (1) granting defendant's motion to compel arbitration of plaintiff's claims; (2) dismissing or, in the alternative, staying this action pending such arbitration; and (3) granting such other relief as the Court may deem just and proper.

Dated: New York, New York
     January 27, 2005

            KRAMER LEVIN NAFTALIS & FRANKEL LLP

            By: /s/ _____
                Kevin B. Leblang (KL 3186)
                Steven M. Knecht (SK 8404)
            919 Third Avenue
            New York, New York 10022
            (212) 715-9100

            Attorneys for Defendant Lehman Brothers Inc.

Of Counsel:

Jack L. Johnson, Esq.
Senior Vice President
Senior Employment Counsel
Lehman Brothers Inc.