UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— X

DOREEN BENSON,                                    :
                                                  :
                        Plaintiff,                :
                                                  :    04 Civ. 7323 (DLC) (JCF)
            v.                                     :
                                                  :
LEHMAN BROTHERS INC.,                             :
                                                  :
                        Defendant.                :
                                                  :
———————————————————————— X

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LEHMAN BROTHERS INC.'S MOTION TO COMPEL ARBITRATION

KRAMER LEVIN NAFTALIS & FRANKEL LLP
919 THIRD AVENUE
NEW YORK, N.Y. 10022

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................1

ARGUMENT ..........................................................................................................................2

    I.       PLAINTIFF'S OPPOSITION PAPERS ARE PROCEDURALLY
            DEFECTIVE.............................................................................................................2

    II.      PLAINTIFF'S CLAIM OF PROCEDURAL
            UNCONSCIONABILITY MUST BE SUBMITTED TO
            ARBITRATION .......................................................................................................3

    III.    PLAINTIFF'S ARGUMENTS THAT THE ARBITRATION
            AGREEMENT IS PROCEDURALLY AND SUBSTANTIVELY
            UNCONSCIONABLE SHOULD BE REJECTED ..................................................4

            A.      Plaintiff Has Failed To Demonstrate Procedural
                      Unconscionability .......................................................................................5

            B.      Plaintiff Has Failed To Demonstrate Substantive
                      Unconscionability .......................................................................................9

CONCLUSION......................................................................................................................10

TABLE OF AUTHORITIES

Cases                                                                                    Page

Batac Dev. Corp. v. B & R Consultants Inc.,
    No. 98 Civ. 721, 1999 WL 76873 (S.D.N.Y. Feb. 16, 1999) .............................................. 7-8

Brener v. Becker Paribas, Inc.,
    628 F. Supp. 442 (S.D.N.Y. 1985) ................................................................................4

Brennan v. Bally Total Fitness,
    198 F. Supp. 2d 377 (S.D.N.Y. 2002) ...........................................................................8

Cap Gemini Ernst & Young U.S. LLC v. Arentowicz,
    No. 04 Civ. 0299, 2004 WL 1386145 (S.D.N.Y. June 22, 2004)............................................5

DeGaetano v. Smith Barney, Inc.,
    No. 95 Civ. 1613, 1996 WL 44226 (S.D.N.Y. Feb. 5, 1996)............................................. 5-6

Desiderio v. National Ass'n of Sec. Dealers, Inc.,
    191 F.3d 198 (2d Cir. 1999) ............................................................................... 4-5, 7

Gilmer v. Interstate/Johnson Lane Corp.,
    500 U.S. 20 (1991)....................................................................................................9

Gold v. Deutsche Aktiengesellschaft,
    365 F.3d 144 (2d Cir.), cert denied,
    125 S. Ct. 87 (2004)............................................................................................... 6-7

Hart v. Canadian Imperial Bank of Commerce,
    43 F. Supp. 2d 395 (S.D.N.Y. 1999) ...........................................................................9

Litaker v. Lehman Bros. Holdings, Inc.,
    No. 97 Civ. 1607, 1999 WL 619638 (S.D.N.Y. Aug. 16, 1999)............................................9

Mahant v. Lehman Bros.,
    No. 99 Civ. 4421, 2000 WL 1738399 (S.D.N.Y. Nov. 22, 2000), appeal dismissed,
    No. 00-9577, 2002 WL 480552 (2d Cir. Mar. 29, 2002) .........................................................4

Maye v. Smith Barney, Inc.,
    897 F. Supp. 100 (S.D.N.Y. 1995) ........................................................................ 6, 9-10

Prima Paint Corp. v. Flood & Conklin Mfg. Co.,
    388 U.S. 395 (1967)....................................................................................................3

KL3:2401324.2

Page

Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional de Venezuela,
     991 F.2d 42 (2d Cir. 1993) ...........................................................................................................6

Rice v. Brown Bros. Harriman & Co.,
     No. 96 Civ. 6326, 1997 WL 129396 (S.D.N.Y. Mar. 21, 1997) .............................................6

Smith v. Lehman Bros.,
     No. 95 Civ. 10326, 1996 WL 383232 (S.D.N.Y. July 8, 1996) ..............................................7

Tarulli v. Circuit City Stores, Inc.,
     333 F. Supp. 2d 151 (S.D.N.Y. 2004) ....................................................................................5

Tuskey v. Volt Info. Scis., Inc.,
     No. 00 Civ. 7410, 2001 WL 873204 (S.D.N.Y. Aug. 3, 2001) ...............................................7

Weiss, Peck & Greer L.L.C. v. Robinson,
     No. 03 Civ. 0209, 2003 WL 1396436 (S.D.N.Y. Mar. 19, 2003) ......................................9 n.3

Wright v. SFX Entm't Inc.,
     No. 00 Civ. 5354, 2001 WL 103433 (S.D.N.Y. Feb. 7, 2001)............................................3, 4


Statutes and Rules

Fed. R. Civ. P. 5(b)(2)(D)..................................................................................................................3

Fed. R. Civ. P. 6(e) ...........................................................................................................................3

S.D.N.Y. Local R. 6.1(b)    ........................................................................................................ 2-3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

DOREEN BENSON,                                  :
                                                :
                            Plaintiff,          :
                                                :
                                                :    04 Civ. 7323 (DLC) (JCF)
              v.                                :
                                                :
LEHMAN BROTHERS INC.,                           :
                                                :
                            Defendant.          :
                                                :
———————————————————————— x

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
## LEHMAN BROTHERS INC.'S MOTION TO COMPEL ARBITRATION

   Defendant Lehman Brothers Inc. ("Lehman") respectfully submits this reply

memorandum of law in support of its motion, pursuant to the Federal Arbitration Act, 9 U.S.C.

§ 1 et seq., to compel arbitration of plaintiff's claims and either dismiss or stay this action

pending the resolution of those claims in accordance with a written arbitration agreement

between the parties.[1]

### PRELIMINARY STATEMENT

   Plaintiff -- a highly compensated investment representative at Lehman for over

four years -- does not dispute the legal standards governing Lehman's motion to compel

arbitration.  Lehman Br. at 3-4; Plf. Br. at 6.  Nor does plaintiff dispute that (i) she executed a

Lehman employment application containing the arbitration agreement at issue, (ii) her claims are

---

[1]  Lehman's moving brief and plaintiff's answering brief are referred to as "Lehman Br."
and "Plf Br.," respectively.

within the scope of that agreement, and (iii) all of her claims are arbitrable as a matter of law. Lehman Br. at 4-8.

Nevertheless, seven years after she executed the employment application, plaintiff attempts to avoid the arbitration provision by claiming for the first time that the provision is procedurally and substantively unconscionable based on allegations that she was hurried into signing the application and that the arbitration forums contained in the provision are not neutral. Plaintiff's opposition papers are untimely and are devoid of any proper evidentiary showing. In any event, plaintiff's arguments are without merit for several reasons. Supreme Court precedent requires that plaintiff's challenge of procedural unconscionability, which is not specifically directed at the arbitration provision, be decided by an arbitrator, not the Court. Even if the Court were the appropriate forum to address plaintiff's assertions regarding procedural unconscionability, her allegations of procedural and substantive unconscionability are insufficient to meet the legal requirements of such defenses. Accordingly, the arbitration agreement should be fully enforced against plaintiff.[2]

**ARGUMENT**

**I.**

**PLAINTIFF'S OPPOSITION PAPERS ARE PROCEDURALLY DEFECTIVE**

As an initial matter, plaintiff's opposition papers are untimely. Rule 6.1(b) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York provides, in pertinent part, that "any opposing affidavits and answering memoranda shall

---

[2]     Further, in her opposition papers, plaintiff fails to address, much less refute, that by virtue of executing a Form U-4, plaintiff also agreed to arbitrate each of her claims other than her statutory discrimination claims. See Lehman Br. at 2 n.1, 9 n.4.

be served within ten business days after service of the moving papers." For motion papers served electronically, an opposing party is afforded three additional days to serve opposition papers. See Fed. R. Civ. P. 5(b)(2)(D), 6(e).

Lehman electronically served and filed its moving papers on January 27, 2005. Accordingly, the deadline for plaintiff to serve her opposition papers was February 14, 2005. Plaintiff, however, failed to serve her opposition papers until March 1, 2005, and her arguments should be rejected on this basis alone.

In addition, plaintiff's unexecuted, unsworn affidavit – she merely has typed an "/s/" above her name -- is procedurally defective and should be afforded no weight. Nothing permits an affiant (other than a "Filing User") to submit an affidavit by electronic or other means without a signature. Cf. Item 8 of the Court's Procedures for Electronic Case Filing, dated March 6, 2003 (regarding signatures for Filing Users).

## II.

### PLAINTIFF'S CLAIM OF PROCEDURAL UNCONSCIONABILITY MUST BE SUBMITTED TO ARBITRATION

Plaintiff's argument that she was coerced to sign the employment application containing her arbitration agreement, among other agreements, is improperly raised with the Court. The law in this area was clearly established by Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395 (1967). In that case, the Supreme Court held that when a contract contains an arbitration clause, a claim of fraudulent inducement concerning the contract as a whole generally should be decided by the arbitrator, not the Court. Subsequent courts have confirmed that this principle applies equally to claims alleging unconscionability. See, e.g., Wright v. SFX Entm't Inc., No. 00 Civ. 5354, 2001 WL 103433, at *3 (S.D.N.Y. Feb. 7, 2001) ("Claims of unconscionability and adhesion contracts are similarly included within the *Prima*

-3-

*Paint* rule."); <u>Brener v. Becker Paribas, Inc.</u>, 628 F. Supp. 442, 446 (S.D.N.Y. 1985) ("Claims concerning duress, unconscionability, coercion, or confusion in signing should be determined by an arbitrator because those issues go to the formation of the contract.").

Here, plaintiff claims that the arbitration clause within her employment application is unenforceable because the entire application was allegedly tainted by procedural unconscionability. Under these circumstances, pursuant to <u>Prima Paint</u>, this challenge goes to the terms of the employment application generally and the dispute is for the arbitrator, not the Court, to decide. <u>See, e.g.</u>, <u>Wright</u>, 2001 WL 103433, at *4 (plaintiff's allegations that the circumstances under which she executed an agreement regarding arbitration, confidentiality and at-will employment "demonstrate that defendants used 'high pressure tactics and 'misleading' statements to force a 'virtually one-sided' agreement on plaintiff" must be arbitrated); <u>Mahant v. Lehman Bros.</u>, No. 99 Civ. 4421, 2000 WL 1738399, at *3-4 (S.D.N.Y. Nov. 22, 2000) (holding that plaintiff's allegations that the arbitration provision contained in Lehman's employment application was unenforceable due to duress at the time she signed the employment application must be resolved in arbitration because plaintiff's allegations supporting her duress claim related to the enforcement of the employment application generally), <u>appeal dismissed</u>, No. 00-9577, 2002 WL 480552 (2d Cir. Mar. 29, 2002) (unpublished decision).

### III.

### PLAINTIFF'S ARGUMENTS THAT THE ARBITRATION AGREEMENT IS PROCEDURALLY AND <u>SUBSTANTIVELY UNCONSCIONABLE SHOULD BE REJECTED</u>

Even if plaintiff's claim of procedural unconscionability were properly directed to the Court, the Second Circuit has ruled that an agreement is unconscionable only "when there is an 'absence of meaningful choice on the part of one of the parties [<u>i.e.</u>, procedural

-4-

unconscionability] together with contract terms which are unreasonably favorable to the other party [i.e., substantive unconscionability]." Desiderio v. National Ass'n of Sec. Dealers, Inc., 191 F.3d 198, 207 (2d Cir. 1999). As plaintiff concedes, Plf. Br. at 7, to void the agreement on the basis of unconscionability, she must prove that it is both procedurally and substantively unconscionable. See Tarulli v. Circuit City Stores, Inc., 333 F. Supp. 2d 151, 156 (S.D.N.Y. 2004); Cap Gemini Ernst & Young U.S. LLC v. Arentowicz, No. 04 Civ. 0299, 2004 WL 1386145, at *6 (S.D.N.Y. June 22, 2004). Plaintiff cannot meet the test for either procedural or substantive unconscionability, and her allegations of unconscionability should be rejected.

A.    **Plaintiff Has Failed To Demonstrate Procedural Unconscionability**

Plaintiff asserts that the arbitration agreement should not be enforced because she allegedly was pressured to sign the employment application without having had a chance to read it or understand its terms and was unaware of the arbitration provision, Plf. Br. at 4-5, *a bolded provision on the second page of the application immediately preceding the signature block.* Plaintiff does not allege that (i) the unidentified Human Resources representative told her she was not allowed to read the employment application, (ii) she told the representative that she wanted to read the application (or that she even asked the representative for an opportunity to read it) before she signed it, or (iii) she ever asked the representative about the provisions on the second page of the application.

If accepted as true, plaintiff's allegations merely establish that she was put under time pressure to read and sign a legally binding agreement and are insufficient as a matter of law. See, e.g., DeGaetano v. Smith Barney, Inc., No. 95 Civ. 1613, 1996 WL 44226, at *5-7 (S.D.N.Y. Feb. 5, 1996) (Cote, J.) (compelling arbitration of sex discrimination dispute despite plaintiff's claims that her arbitration agreement was within a "stack of forms" and had to be

-5-

signed immediately and that no one drew her attention to the agreement or its significance);

Maye v. Smith Barney, Inc., 897 F. Supp. 100, 106-08 (S.D.N.Y. 1995) (fact that plaintiffs

allegedly did not have time to read arbitration agreement during "intimidating, hurried and tense"

orientations with twenty-eight other new employees in which they claimed they had to sign their

names approximately seventy-five times on a variety of documents without any explanation of

the contents of the documents and without an adequate opportunity to read most of them was not

sufficient to avoid compulsory arbitration. "Giving the required healthy regard to the strong

federal policy favoring arbitration, an argument such as the one made by Plaintiffs that one did

not have time to read an agreement before signing it must fail or else almost every arbitration

agreement would be subject to an effective court challenge.").

       As plaintiff concedes, Plf. Br. at 7, under well-settled New York law, "in the

absence of fraud or other wrongful conduct, a party who signs a written contract is conclusively

presumed to know its contents and to assent to them, and he is therefore bound by its terms and

conditions." Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional de Venezuela, 991 F.2d

42, 46 (2d Cir. 1993) (citation omitted).  See also Rice v. Brown Bros. Harriman & Co., No. 96

Civ. 6326, 1997 WL 129396, at *4 (S.D.N.Y. Mar. 21, 1997) ("[U]nder New York law,

plaintiff's subjective knowledge of the scope of the arbitration clause is irrelevant and he is

presumed to have agreed to all the terms of the contract, including the broad arbitration clause in

NYSE Rule 347.").  Plaintiff's assertion that she did not have a chance to read or understand the

provision and was unaware of the arbitration provision is thus insufficient to render the

arbitration agreement unenforceable as a matter of law.  See, e.g., Gold v. Deutsche

Aktiengesellschaft, 365 F.3d 144, 147, 149 (2d Cir.) (notwithstanding plaintiff's allegations that

when he executed Form U-4, "he was brought into an office along with more than 20 other

-6-

management trainees, was instructed to sign more than a dozen forms without any explanation of

their content, was not given any opportunity to ask questions or review the forms and was given

no more than 10 to 15 minutes to review and sign the forms," plaintiff's "failure to fully read and

question Form U-4 before signing it undermines his claim that we should find the arbitration

clause unenforceable, regardless of whether the rights he seeks to enforce spring from Title

VII"), cert denied, 125 S. Ct. 87 (2004); Tuskey v. Volt Info. Scis., Inc., No. 00 Civ. 7410, 2001

WL 873204, at *3-4 (S.D.N.Y. Aug. 3, 2001) (plaintiff's allegations that she did not understand

the agreement, it was not properly explained to her, she did not have an opportunity to negotiate

its terms or consult with an attorney, and was told she had to sign it were irrelevant); Smith v.

Lehman Bros., No. 95 Civ. 10326, 1996 WL 383232, at *1 (S.D.N.Y. July 8, 1996) (plaintiff's

claim that he was unaware of arbitration provision in employment application was insufficient to

invalidate agreement to arbitrate).

    Plaintiff's suggestion that the circumstances permitted her no other alternative but

to sign the employment application is also to no avail.  It is well-settled that "'mere inequality in

bargaining power' between employers and employees is not alone sufficient to hold arbitration

agreements unenforceable." Desiderio, 191 F.3d at 207 (quoting Gilmer v. Interstate/Johnson

Lane Corp., 500 U.S. 20, 33 (1991)).  Plaintiff was free to insist on reading the application, and,

if dissatisfied with its contents, to seek employment elsewhere.  Plaintiff was also free to leave

the meeting, and/or to contact the Director of Human Resources, her supervisor or other

management personnel to complain about the treatment she allegedly received from the Human

Resources representative who she claims pressured her to sign the application.  Accordingly, for

this additional reason, plaintiff's claim of procedural unconscionability also fails.  See Batac

Dev. Corp. v. B & R Consultants Inc., No. 98 Civ. 721, 1999 WL 76873, at *3-4 (S.D.N.Y. Feb.

16, 1999) (plaintiff's claim that he felt intimidated and rushed to sign a contract, and signed documents to "prevent a physical rumble," did not constitute duress because plaintiff could have left the meeting and sought refuge in the legal process).

Brennan v. Bally Total Fitness, 198 F. Supp. 2d 377 (S.D.N.Y. 2002), relied upon by plaintiff, is wholly distinguishable.  In that case, an arbitration agreement was held unconscionable when, among other things, (i) six months prior to executing a sixteen-page, single spaced employee dispute resolution procedure agreement, the plaintiff had complained of sexual harassment to the defendant's contact person for receiving complaints (an attorney, who was also responsible for investigating her complaint) and the defendant failed to take any corrective action, (ii) because of defendant's inaction, the plaintiff transferred to another facility, requiring a demotion and pay cut, (iii) the plaintiff's complaints of sexual harassment remained pending because of her allegations of ongoing sexual harassment by managers at the second facility, (iv) six months after her initial complaint, the plaintiff was compelled to attend a meeting regarding sexual harassment with about twenty other current employees, run by the same attorney who had investigated her complaints earlier in the year (the plaintiff had been employed for almost three years at this point), (v) at this meeting, the attorney used high pressure tactics to coerce the employees into signing the lengthy agreement, (vi) the plaintiff was not told that the agreement would deprive her of her right to proceed in court on her pending sexual

-8-

harassment claim, and (vii) the terms of the agreement allowed the defendant to unilaterally modify it at any time.[3]

**B.    Plaintiff Has Failed To Demonstrate Substantive Unconscionability**

Plaintiff's conclusory assertion that there is structural bias in the arbitration provision because it deprives her of a neutral arbitral forum must also fail. Courts have not hesitated to enforce agreements compelling arbitration before the New York Stock Exchange, Inc. (the "NYSE") or the National Association of Securities Dealers, Inc. (the "NASD") (the third forum provided for in the arbitration agreement, the American Stock Exchange, has merged with the NASD). See, e.g., Lehman Br. at 4, 7-8. Claims by employees of securities firms that such forums are structurally biased have been soundly rejected by the United States Supreme Court and lower courts. See, e.g., Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 30-31 (1991) (rejecting plaintiff's speculation that NYSE arbitration panels will be biased); Litaker v. Lehman Bros. Holdings, Inc., No. 97 Civ. 1607, 1999 WL 619638, at *1, 5 (S.D.N.Y. Aug. 16, 1999) (rejecting plaintiff's claim that the securities arbitration systems of the NYSE and the NASD are structurally biased); Hart v. Canadian Imperial Bank of Commerce, 43 F. Supp. 2d 395, 405-06 (S.D.N.Y. 1999) (rejecting challenge to the adequacy of the NYSE and NASD arbitral forums); Maye, 897 F. Supp. at 109 (rejecting plaintiffs' assertion "that as

---

[3]     Even if the arbitration agreement were voidable due to procedural unconscionability, which Lehman vigorously disputes, it is beyond dispute that plaintiff ratified the agreement as a matter of law by waiting to challenge the arbitration agreement over *seven years* after she signed the agreement. See, e.g., Weiss, Peck & Greer L.L.C. v. Robinson, No. 03 Civ. 0209, 2003 WL 1396436, at *4-5 (S.D.N.Y. Mar. 19, 2003) ("If the repudiating party does not promptly repudiate the contract or release, she will be deemed to have ratified it.").

unsophisticated entry level employees they would be at an unfair disadvantage in arbitration before the NYSE").[4]

## CONCLUSION

For all of the foregoing reasons and the reasons set forth in its moving papers, defendant Lehman Brothers Inc. respectfully requests that the Court enter an order:  (1) granting defendant's motion to compel arbitration of plaintiff's claims; (2) dismissing or, in the alternative, staying this action pending such arbitration; and (3) granting such other relief as the Court may deem just and proper.

Dated: New York, New York
        March 11, 2005

                        KRAMER LEVIN NAFTALIS & FRANKEL LLP


                        By:____ /s/ _____
                              Kevin B. Leblang (KL 3186)
                              Steven M. Knecht (SK 8404)
                        919 Third Avenue
                        New York, New York  10022
                        (212) 715-9100

                        Attorneys for Defendant Lehman Brothers Inc.

Of Counsel:

Jack L. Johnson, Esq.
Senior Vice President
Senior Employment Counsel
Lehman Brothers Inc.

---

[4]    Plaintiff's claim that she has a "right" to conduct discovery in connection with Lehman's motion is without merit.  As in the litany of decisions within the Second Circuit granting motions to compel arbitration without any discovery, plaintiff makes no allegations requiring further development of the factual record before the Court rules on the motion.