```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
DOREEN BENSON,                           :
                                         :   04 Civ. 7323 (DLC)
                  Plaintiff,             :
                                         :   OPINION & ORDER
        -v-                              :
                                         :
LEHMAN BROTHERS INC.,                    :
                                         :
                  Defendant.             :
                                         :
-----------------------------------------X
```

Appearances:

For the Plaintiff:

Lewis D. Thompson
Suite K-7
105 New England Avenue
Summit, New Jersey  07901

For the Defendant:

Kevin B. Leblang
Steven M. Knecht
Kramer Levin Naftalis & Frankel LLP
919 Third Avenue
New York, New York  10022

DENISE COTE, District Judge:

   Defendant Lehman Brothers Inc. ("Lehman") moves to compel plaintiff Doreen Benson ("Benson") to arbitrate her claims against Lehman in this employment discrimination case pursuant to an arbitration clause in her employment contract.  Benson argues that the arbitration provision was unconscionable.  For the following reasons, the motion is granted.

## BACKGROUND

   Benson commenced her employment with Lehman in November 1997.  She contends that immediately prior to her employment, she was placed in a conference room with twelve to fifteen other new

employees and given a large stack of papers to sign, with no explanation of the contents or significance of those papers. Benson claims that she was pressured to sign the papers immediately without having had an opportunity to read them, that no Lehman representative drew her attention to the existence of an arbitration provision in the Employment Application ("Application"), and that no Lehman representative informed her that she could take time to read the papers and consult legal counsel before signing.

The Application, a two-page document requesting basic pedigree information and a list of prior employers, has a bold-faced arbitration provision ("Provision") immediately above the signature space that reads as follows:

> I hereby agree that any controversy arising out of or in connection with my compensation, employment or termination of employment with Lehman Brothers Inc. or any of its affiliated companies, shall be submitted to arbitration before the National Association of Securities Dealers, Inc. ["NASD"], the New York Stock Exchange, Inc. ["NYSE"] or the American Stock Exchange Inc. ["ASE"] and be resolved in accordance with the rules, then in effect, of such entities.  In the event I fail to abide by these terms, this section shall in no way limit or impair the Firm's other legal rights, including the right to enforce said provisions in a court of competent jurisdiction.  This provision applies (but is not limited) to any claims or actions under Title VII, the ADA, the ADEA or any other federal, state or local discrimination laws.

Benson signed the Application on October 24, 1997.  Lehman terminated Benson's employment on July 3, 2002.  Benson subsequently filed this action alleging sex discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, and New York State and City Human Rights Laws, as well as

2

claims based on the New York common law of defamation and false light.

Benson contends that the NASD, NYSE, and ASE are not neutral third parties, but rather are owned in part by Lehman, and that the Provision is therefore structurally biased and inequitable. In sum, Benson argues that the Provision is procedurally and substantively unconscionable. Lehman claims that issues of procedural unconscionability must be arbitrated, and that in any event, Benson's procedural and substantive unconscionability arguments are without merit.

## DISCUSSION

Arbitration clauses in employment contracts other than those for transportation workers are governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. See Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 119 (2001). The FAA was designed to "ensure judicial enforcement of privately made agreements to arbitrate." Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 219 (1985). The FAA represents "a strong federal policy favoring arbitration as an alternative means of dispute resolution." JLM Indus., Inc. v. Stolt-Nielsen SA, 387 F.3d 163, 171 (2d Cir. 2004) (citation omitted). The FAA requires that a contract provision to arbitrate disputes "arising out of" the contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

Under the FAA, unless parties have unambiguously provided for an arbitrator to decide questions of arbitrability, it is for

3

courts to decide whether the parties agreed to arbitrate.  <u>Bell v. Cendant Corp.</u>, 293 F.3d 563, 566 (2d Cir. 2002).  A court deciding a motion to compel arbitration must resolve four issues: (1) whether the parties agreed to arbitrate; (2) the scope of the agreement to arbitrate; (3) if federal statutory claims are asserted, whether Congress intended those claims to be nonarbitrable; and (4) if some, but not all, of the claims are arbitrable, whether to stay the balance of the proceedings pending arbitration.  <u>Oldroyd v. Elmira Sav. Bank, FSB</u>, 134 F.3d 72, 75-76 (2d Cir. 1998).  <u>See also</u> <u>JLM Indus.</u>, 387 F.3d at 169.  In this case, the parties agree that all of Benson's claims are arbitrable and fall within the scope of the Provision -- they merely dispute whether Benson agreed to the Provision.

Whether the parties entered a binding agreement to arbitrate is customarily resolved through the application of contract principles from the relevant state's jurisprudence.  <u>Sprecht v. Netscape Communications Corp.</u>, 306 F.3d 17, 27 (2d Cir. 2002).  The parties agree that New York law governs the question of whether an agreement to arbitrate exists.  In New York, a contract generally is unenforceable by reason of unconscionability only if it was both procedurally and substantively unconscionable when made.  <u>Gillman v. Chase Manhattan Bank, N.A.</u>, 534 N.E.2d 824, 828 (N.Y. 1988).  This means there must be "some showing of an absence of meaningful choice on the part of one of the parties <u>together with contract terms which are unreasonably favorable to the other party</u>."  <u>Id.</u> (citation omitted) (emphasis supplied).  In <u>Desiderio v. Nat'l Assoc. of Sec. Dealers</u>, 191 F.3d 198 (2d Cir. 1999), the Second

4

Circuit applied this two prong test and rejected an argument that an arbitration agreement was an unconscionable contract of adhesion. Id. at 207. Finding that a contract is unconscionable "when there is an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party," id. (citation omitted), it held that where both parties are subject to a mandatory arbitration clause, the agreement does not "favor the stronger party unreasonably." Id. See also M & T Mortgage Corp. v. Miller, 323 F. Supp. 2d 405, 413 (E.D.N.Y. 2004) (Gershon, J.).

Benson asserts that the Provision is substantively unconscionable because it deprives employees of a neutral arbitral forum due to structural bias in the selected arbitration fora. This argument is at odds with settled federal case law regarding the fairness and neutrality of arbitrations conducted under the auspices of regulatory organizations such as the NYSE and NASD.[1]

> NYSE arbitration rules . . . provide protections
> against biased panels. The rules require . . . that
> the parties be informed of the employment histories of
> the arbitrators, and that they be allowed to make
> further inquiries into the arbitrators' backgrounds.
> In addition, each party is allowed one peremptory
> challenge and unlimited challenges for cause.
> Moreover, the arbitrators are required to disclose any
> circumstances which might preclude them from rendering
> an objective and impartial determination.

Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 30 (1991) (citation omitted). Under these circumstances, the Supreme Court

---

[1] The third forum mentioned in the Provision, ASE, has merged with the NASD.

5

"decline[d] to indulge the presumption that the parties and arbitral body conducting a proceeding will be unable or unwilling to retain competent, conscientious and impartial arbitrators." Id. See also Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 170 F.3d 1, 14-16 (1st Cir. 1999). This analysis applies with equal force to the NASD, and indeed, has been applied previously in this District to compel arbitration in a case where a structural bias argument was made with respect to a nearly identical arbitration clause to the Provision. See Litaker v. Lehman Bros. Holdings, Inc., No. 97 Civ. 1607 (DC), 1999 WL 619638, at *1, 5 (S.D.N.Y. Aug. 16, 1999). Moreover, an extra layer of protection against bias exists in the FAA, which "provid[es] that courts may overturn arbitration decisions where there was evident partiality or corruption in the arbitrators." Gilmer, 500 U.S. at 30 (citation omitted).

 Consequently, Benson has not demonstrated that the Provision is substantively unconscionable. Given that the structure of the NYSE and NASD arbitral systems is clearly defined by their respective public rules and procedures, Benson has not demonstrated that discovery would add any relevant information about those systems. Because Benson cannot prevail on her argument that the Provision is substantively unconscionable, it is unnecessary to reach her arguments about procedural unconscionability.

6

## CONCLUSION

Lehman's motion to compel arbitration is granted. The case is stayed until the resolution of the arbitration proceedings and is transferred to the Court's suspense docket.

SO ORDERED:

Dated:   New York, New York
         May 9, 2005

                                         _____
                                              DENISE COTE
                                         United States District Judge